[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14236
Non-Argument Calendar

_____

D.C. Docket No. 8:15-cr-00435-TPB-AAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN L. POWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 19, 2021)

Before MARTIN, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Kevin Powell, a federal prisoner proceeding pro se, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Powell argues the district court abused its discretion in denying his motion because his chronic obstructive pulmonary disease (COPD) and emphysema constitute extraordinary and compelling reasons warranting compassionate release and because he has never been a danger to the community. After review,[1] we affirm.

## I.  DISCUSSION

Powell first argues his COPD and emphysema are extraordinary and compelling reasons warranting his release because they place him at a high risk of serious illness or death due to COVID-19.  He further contends the risk of contracting COVID-19 is high at FCI Jessup, where he is incarcerated, because staff members do not follow proper safety precautions.

District courts lack the inherent authority to modify a term of imprisonment except to the extent a statute expressly permits.  *See* 18 U.S.C. § 3582(c).  One such exception is for "compassionate release" under 18 U.S.C. § 3582(c)(1)(A).

---

[1] We review the district court's denial of a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) for an abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  An abuse of discretion occurs when a district court applies an incorrect legal standard, follows improper procedures in making a determination, makes findings of fact that are clearly erroneous, or commits a clear error of judgment.  *Id.* at 911-912.  When we review for an abuse of discretion, "it means that the district court had a range of choice and that we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Id.* at 912 (quotation marks omitted).

*See United States v. Harris*, 989 F.3d 908, 909 (11th Cir. 2021). The First Step

Act of 2018 amended § 3582(c)(1)(A) to increase the use and transparency of

compassionate release, enabling prisoners, rather than the Bureau of Prisons (BOP)

alone, to file compassionate release motions. *See* Pub. L. No. 115-391, § 603(b),

132 Stat. 5194, 5239 (2018). As amended by the First Step Act, § 3582(c)(1)(A)

provides that:

> [T]he court, upon motion of the Director of the [BOP], or upon motion
> of the defendant after the defendant has fully exhausted all
> administrative rights to appeal a failure of the [BOP] to bring a motion
> on the defendant's behalf or the lapse of 30 days from the receipt of
> such a request by the warden of the defendant's facility, whichever is
> earlier, may reduce the term of imprisonment . . . after considering the
> factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are
> applicable, if it finds that . . . extraordinary and compelling reasons
> warrant such a reduction.

*Id.* § 3582(c)(1)(A)(i). Section 3582(c)(1)(A) also requires that any reduction be

consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* § 3582(c)(1)(A).

Section 1B1.13 of the Sentencing Guidelines provides the applicable policy

statement for § 3582(c)(1)(A). *See* U.S.S.G. § 1B1.13. After briefing on this

appeal concluded, we held in *United States v. Bryant* that § 1B1.13 "is an

applicable policy statement that governs all motions under Section 3582(c)(1)(A),"

including those filed by prisoners. 996 F.3d 1243, 1262 (11th Cir. 2021). Under

§ 1B1.13, a district court may reduce a term of imprisonment if, after considering

3

the § 3553(a) factors, it determines extraordinary and compelling reasons warrant the reduction and the defendant is not a danger to the safety of the community. U.S.S.G. § 1B1.13.

Relevant here, the application notes to § 1B1.13 identify four categories of extraordinary and compelling reasons for compassionate release, including the defendant's medical condition, age, and family circumstances, or "other reasons" determined by the Director of the BOP. *Id.*, comment. (n.1(A)-(D)). With respect to the defendant's medical condition, "extraordinary and compelling reasons" exist if the defendant is suffering from, *inter alia*, "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id*., comment. (n.1(A)). As to the catch-all provision for "other reasons" in Application Note 1(D), we held in *Bryant* that the discretion to determine whether such other reasons exist rests with the BOP, not the district courts. *Bryant*, 996 F.3d at 1248, 1263.

The district court did not abuse its discretion in denying Powell's motion for compassionate release. Under § 1B1.13, a serious medical condition may constitute an extraordinary and compelling reason for release, but only where the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" and is one "from which he or she

4

is not expected to recover." U.S.S.G. §1B1.13, comment. (n.1(A)). The court acknowledged Powell's argument that his COPD increased his risk of serious illness due to COVID-19. But, consistent with the policy statement, it determined Powell was not entitled to relief based on his COPD because he failed to show how this condition substantially diminished his ability to provide self-care. The court noted the medical records attached to Powell's motion indicated his condition was being treated and managed by the BOP.

The record supports the district court's finding. Although the documents attached to Powell's motion show he did report having breathing problems in July and August of 2020 and had a 30-year history of smoking, they also showed he was receiving treatment for his COPD, including inhalers, and was independent in his daily activities. And as of August 2020, Powell reported he was not suffering from exacerbation of his COPD, fever, or chills. It was therefore within the district court's discretion to find Powell failed to show his medical condition substantially diminished his ability to provide self-care and was thus not an extraordinary and compelling reason for his release. *See id.*; *Bryant*, 996 F.3d at 1262.[2]

---

[2] Contrary to its position in the district court, the government on appeal concedes that in light of the pandemic, a prisoner with COPD is eligible for compassionate release. Nevertheless, the government asserts it was within the court's discretion to determine otherwise. As set forth above, we agree the court did not abuse its discretion in finding Powell's COPD was not an extraordinary and compelling reason under the guidance in U.S.S.G. § 1B1.13, which, under *Bryant*, is binding.

To the extent Powell contends his COPD and emphysema are "other reasons" for his release under the catch-all provision of Application Note 1(D), his argument is foreclosed by our decision in *Bryant*. Under *Bryant*, "other reasons" warranting release, which do not fall in the categories listed in Application Notes 1(A)-(C), must be determined by the BOP, not the district courts. *Bryant*, 996 F.3d at 1248, 1263.

Even if Powell had demonstrated an extraordinary and compelling reason, the district court did not abuse its discretion in denying his motion for compassionate release in light of the § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. After finding Powell failed to demonstrate extraordinary and compelling reasons for his release, the court further concluded the § 3553(a) factors weighed strongly against compassionate release, stating Powell could not show he was not a danger to the community and had a lengthy criminal history. The court observed Powell had been sentenced as an Armed Career Criminal and had ten prior convictions for the sale or possession of cocaine. Although the court discussed § 3553(a) and dangerousness together in the same paragraph, its focus on Powell's lengthy criminal history adequately supports its determination the § 3553(a) factors did not weigh in favor of his release and is consistent with factors including Powell's history and characteristics and the need for his sentence to provide deterrence and protect the public. *See* 18 U.S.C.

6

§ 3553(a)(1), (2)(B)-(C); *see also United States v. Cook*, 998 F.3d 1180 (11th Cir. 2021) (holding a district court must consider the applicable § 3553(a) factors and explain its decision in a way that allows for meaningful appellate review).

Powell argues he has never been a danger to the community, explaining his underlying conviction for being a felon in possession of a firearm involved selling a firearm to a pawn shop.  To the extent he contends the court should have assigned greater weight to the nature and circumstances of his offense, however, it was within the court's discretion to instead place greater emphasis on his criminal history.  *See also United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (stating the weight assigned to any given § 3553(a) factor is left to the sound discretion of the district court).  As the district court did not abuse its discretion in denying Powell's motion based on his failure to show an extraordinary and compelling reason or under the § 3553(a) factors, we need not address Powell's contention he is not a danger to the community.[3]

---

[3] We note Powell's initial brief contains a one-sentence argument asserting he was denied the opportunity to file a reply in support of his motion.  To the extent this is adequate to raise the issue on appeal, we conclude the district court did not abuse its discretion in ruling on Powell's motion without the benefit of a reply.  *See United States v. McLean*, 802 F.3d 1228, 1233 (11th Cir. 2015) (stating we review a district court's application of its local rules for an abuse of discretion).  The local rules for the Middle District of Florida provide that no party may file a reply directed to a response without leave of court, and there is nothing in the record to indicate Powell ever requested such leave.  *See* M.D. Fla. L. R. 3.01(d); *see also Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (explaining that although pro se filings are liberally construed, pro se litigants are required to conform to procedural rules).

## II.  CONCLUSION

Accordingly, for the reasons above, we affirm the district court's denial of Powell's motion for compassionate release.

**AFFIRMED.**

MARTIN, Circuit Judge, concurring in the judgment:

In deciding whether to give compassionate release to a prisoner, District Court Judges in our Circuit are given broad discretion in weighing the factors set forth in 18 U.S.C. § 3553(a), as well they should.  See United States v. Cook, 998 F.3d 1180, 1184–85 (11th Cir. 2021) (holding that district courts must consider the § 3553(a) factors when ruling on motions for compassionate release and noting that such consideration is "suffused with discretion.").  And while I may have exercised my discretion differently than the District Judge did as to Kevin Powell's request, that is not a basis for reversal.  I must therefore concur in the judgment affirming the denial of Kevin Powell's motion for compassionate release.

However, separate and apart from the District Court's consideration of the § 3553(a) factors, there is also the underlying question of whether Mr. Powell demonstrated extraordinary and compelling reasons that warranted his compassionate release.  See 18 U.S.C. § 3582(c)(1)(A)(i).  I believe he has.  Mr. Powell suffers from chronic obstructive pulmonary disease ("COPD").  COPD causes airflow blockage and makes breathing more difficult.  See Chronic Obstructive Pulmonary Disease (COPD), Ctr. for Disease Control & Prevention, https://www.cdc.gov/copd/index.html (last visited July 12, 2021).  And the Centers for Disease Control and Prevention ("CDC") has identified COPD as a medical condition that can make it more likely to get severely ill from COVID-19.  See

9

People with Certain Medical Conditions, Ctr. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 12, 2021).  Indeed, the government now concedes on appeal (in contrast to its position before the trial judge who decided Mr. Powell's case) that Powell's COPD makes him eligible for compassionate release.

I read the majority opinion to hold that the District Court did not err when it concluded that Mr. Powell was not entitled to relief based on his COPD, since he failed to show how this condition substantially diminished his ability to provide self-care.  It is true, as the majority notes, that Mr. Powell was receiving treatment for his COPD and the warden described him as being independent in his daily activities.  But this does not fully engage with the real threat posed by COVID-19.  As a prisoner in the custody of the Bureau of Prisons, Mr. Powell is unable to take many of the personal precautions that would help protect himself from contracting COVID-19.  For instance, he cannot practice social distancing, which the CDC says is "especially" important for individuals with "severe health conditions" like COPD.  See People with Certain Medical Conditions, Ctr. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 12, 2021).  I believe this "substantially diminishes the ability of [Mr. Powell] to provide self-

care within the environment of a correctional facility." USSG § 1B1.13, comment n.1(A). I would therefore hold that the District Court abused its discretion when it found Mr. Powell had not demonstrated extraordinary and compelling reasons justifying release. See United States v. McLean, 802 F.3d 1228, 1233 (11th Cir. 2015) ("A district court abuses its discretion when it . . . applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." (quotation marks omitted)).

As set out above, the District Court held, alternatively, that even if Mr. Powell had demonstrated an extraordinary and compelling reason that warranted his compassionate release, his request failed under the court's evaluation of the § 3553(a) factors. This alternative ruling insulates the District Court's denial of Mr. Powell's request for compassionate release, so I join in the judgment of the majority opinion.