[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14732
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-20757-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KAREN KALLEN-ZURY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 20, 2021)

Before JORDAN, NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Karen Kallen-Zury, a 67-year-old federal prisoner, appeals the district court's

denial of her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as

amended by Section 603(b) of the First Step Act of 2018.[1]  She argues that the

district court erred by basing its denial on the limitations imposed by the policy

statement at U.S.S.G. § 1B1.13.  The government responds by moving for summary

affirmance of the district court's order and for a stay of the briefing schedule, arguing

that Kallen-Zury's argument is foreclosed by this Court's recent decision in

*United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir.), *petition for cert. filed*,

No. 20-1732 (U.S. June 10, 2021).

Summary disposition is appropriate either where time is of the essence, such

as "situations where important public policy issues are involved or those where

rights delayed are rights denied," or where "the position of one of the parties is

clearly right as a matter of law so that there can be no substantial question as to the

outcome of the case, or where, as is more frequently the case, the appeal is

frivolous."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for

abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

Abuse of discretion review "means that the district court had a range of choice and

that we cannot reverse just because we might have come to a different conclusion."

*Id.* at 912 (quotation marks omitted).  However, a district court abuses its discretion

if it applies an incorrect legal standard, follows improper procedures in making the

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").

determination, or makes clearly erroneous factual findings.   *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule."   *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015).   A district court may grant a prisoner's motion for compassionate release, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(1)(A).

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13.   *See* U.S.S.G. § 1B1.13.   The commentary to § 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, provided that the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13; *id.*, comment. (n.1).   The commentary lists a defendant's age, medical condition, and family circumstances as possible "extraordinary and compelling reasons" warranting a sentence reduction.   *Id.*, comment. (n.1).

A prisoner's medical condition may warrant a sentence reduction if she (1) has a terminal disease or (2) is suffering from a physical or mental condition that

3

diminishes her ability to provide self-care in prison and from which she is not expected to recover. *Id.*, comment. (n.1(A)). A prisoner's age may be an extraordinary or compelling reason if the prisoner (1) is at least 65 years old, (2) is experiencing a serious deterioration in physical or mental health because of the aging process, and (3) has served at least 10 years or 75 percent of her term, whichever is less. *Id.*, comment. (n.1(B)). A prisoner's family circumstances may warrant a sentence reduction where the "death or incapacitation of the caregiver of [her] minor child" occurs or where her spouse is incapacitated, and the defendant would be the only caregiver for her spouse. *Id.*, comment. (n.1(C)). The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed. *Id.*, comment. (n.1(D)). A prisoner's rehabilitation is not, by itself, an extraordinary and compelling reason warranting a sentence reduction. *Id.*, comment. (n.3).

In *Bryant*, we considered whether the policy statement in § 1B1.13 governs all motions for compassionate release, even those now filed by defendants after the enactment of the First Step Act. 996 F.3d at 1251–62. We first looked to the statute itself, noting that § 3582(c)(1)(A) allows for a sentence reduction for extraordinary

and compelling reasons only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," one of which must define "extraordinary and compelling reasons." *Id.* at 1251. After considering the phrase "applicable policy statement" within the meaning of § 3582(c)(1)(A), specifically, its definition, context, and the statutory purpose, we concluded that § 1B1.13 is applicable to all motions filed under that statute, including those filed by prisoners, and, thus, a district court may not reduce a sentence unless a reduction would be consistent with § 1B1.13's definition of "extraordinary and compelling reasons." *Id.* at 1252–62.

Next, we considered the catch-all provision in the commentary to § 1B1.13 and whether its language "[a]s determined by the Director of the Bureau of Prisons" is now "at odds" with § 3582(c)(1)(A), as amended by the First Step Act, that allows defendants to file motions. *Id.* at 1262–65. Because the catch-all provision does not stop a defendant from filing a compassionate release motion, and as nothing in the First Step Act suggested that Congress intended to strip the Bureau of Prisons of any role in compassionate release proceedings, we concluded that there was no "inherent incompatibility" between the catch-all provision and § 3582(c)(1)(A). *Id.* at 1263–65. Accordingly, we concluded that the catch-all provision did not grant to district courts, in addition to the Bureau of Prisons, the discretion to develop other

5

reasons outside those listed in § 1B1.13 that might justify a reduction in a defendant's sentence. *Id.* at 1248, 1263, 1265.

In addition to determining whether a movant has offered extraordinary and compelling reasons and whether a reduction or release would be consistent with the policy statement in § 1B1.13, a district court must also consider "all applicable" 18 U.S.C. § 3553(a) factors when it grants or denies a motion for compassionate release. *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021). A district court is not required to articulate its findings and reasonings in great detail, but, when we consider a § 3582(c)(1)(A)(i) motion, we "cannot engage in meaningful appellate review and must vacate and remand" if the record does not reflect that the district court considered the applicable factors. *Id.* at 1185–86 (quotation marks omitted).

Here, because the sole issue on appeal is foreclosed by *Bryant*, there is no substantial question that the district court properly denied Kallen-Zury's motion for compassionate release. *See Groendyke Transp., Inc.*, 406 F.2d at 1162; *Bryant*, 996 F.3d at 1262. In *Bryant*, we recently held that the policy statement in § 1B1.13 is applicable to all motions filed under § 3582(c)(1)(A) and district courts may not reduce a sentence under that statute unless a reduction would be consistent with § 1B1.13. 996 F.3d at 1262. The family circumstances that Kallen-Zury presented to the district court—her husband's periodic surgeries and caring for her adult son— were not consistent with the policy statement's listed family circumstances, and the

district court correctly found that it was not permitted to create new compelling or extraordinary reasons beyond the limitations of § 1B1.13.  U.S.S.G. § 1B1.13, comment. (n.1(C)); *Bryant*, 996 F.3d at 1248, 1263, 1265.  The district court was also required under the policy statement to determine whether she posed a danger to the community, which it did.  U.S.S.G. § 1B1.13(2).  Thus, because the district court was bound and limited by the policy statement in § 1B1.13, the government's position is "clearly right as a matter of law."  *Groendyke Transp., Inc.*, 406 F.2d at 1162; *Bryant*, 996 F.3d at 1262.

Moreover, the district court explicitly considered the applicable 18 U.S.C. § 3553(a) factors when denying Kallen-Zury's motion, which was sufficient, and the record shows that it considered multiple factors.  *Cook*, 998 F.3d at 1184–86.  Specifically, it considered the nature and circumstances of her $40 million health care fraud offense and how the amount of imprisonment time that she would avoid serving if granted compassionate release would not reflect the seriousness of the offense.  18 U.S.C. § 3553(a).  As such, the district court's determination that she did not present extraordinary and compelling reasons and the § 3553(a) factors weighed against release was within the "range of choice" afforded to the district court's discretion.  *See Harris*, 989 F.3d at 912 (quotation marks omitted).

Therefore, because the government's position is correct as a matter of law and there is no substantial question that the district court did not abuse its discretion by

7

denying Kallen-Zury's motion for compassionate release, we GRANT the government's motion for summary affirmance.    *See Groendyke Transp., Inc.*, 406 F.2d at 1162.  Accordingly, we DENY the accompanying motion to stay the briefing schedule as moot.