[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14566
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-20436-RNS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAIZA DEL CARMEN DE LEON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 9, 2021)

Before JORDAN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Raiza De Leon, a federal prisoner proceeding *pro se*, appeals the district court's denial of her expedited motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  On appeal, she argues that the district court erred in determining that she failed to demonstrate extraordinary and compelling circumstances and that she met the other relevant criteria for compassionate release.  After review, we affirm.

## I.    Background

In 2018, De Leon pleaded guilty to conspiracy to commit health care fraud and wire fraud in violation of 18 U.S.C. § 1349, and she was sentenced to 42 months' imprisonment.  She did not file a direct appeal.

In October 2020, De Leon filed an expedited § 3582(c) motion for compassionate release, arguing that the "global pandemic" of COVID-19 had spread through the Bureau of Prisons' ("BOP") facilities, which when combined with her hypertension, chronic anemia, obesity, and "a blood disorder" increased her vulnerability to the disease and constituted an extraordinary and compelling reason for relief.  The government opposed her motion, arguing that she failed to demonstrate extraordinary or compelling circumstances based on her health conditions because her medical records demonstrated that her conditions were well controlled by medications, and there was no evidence that her conditions substantially diminished her ability for self-care.  The government maintained that

2

district courts and this Court have denied compassionate release motions for similarly situated defendants, and the 18 U.S.C. § 3553(a) factors weighed against her release.

Two days after receiving the government's response, the district court denied her motion. The district court explained that under the applicable framework, if it found that De Leon established extraordinary and compelling circumstances that warrant a reduction, it had to also consider the § 3553(a) factors and determine whether she posed a danger to any person or the community before granting her motion for compassionate release. The district court noted that "if an inmate has a chronic medical condition that has been identified by the [CDC] as elevating an inmate's risk of becoming seriously ill from COVID-19, that condition may constitute 'extraordinary and compelling reasons.'" Nevertheless, the district court determined that she failed to articulate extraordinary and compelling circumstances because she did "not allege that she suffers from any serious respiratory, cardiac or other medical conditions that would compromise her if she were to contract the coronavirus." The district court further noted that there had been very few COVID-19 cases at the facility in question. The district court explained that because De Leon failed to establish extraordinary and compelling circumstances, it did not need to address the remainder of the relevant criteria. Accordingly, the district court denied her motion. De Leon appealed.

## II.    Discussion

De Leon argues her hypertension and obesity put her at an increased risk if she were to contract COVID-19, and the district court erred in determining that her health conditions combined with the pandemic did not constitute extraordinary and compelling circumstances.  She maintains that the district court is not limited to the Sentencing Commission's definition of extraordinary and compelling circumstances and that the district court has the discretion to determine what constitutes an extraordinary and compelling circumstance.  Finally, she argues that the § 3553(a) factors support her request.[1]  The government argues that the district court properly denied her motion because she failed to demonstrate extraordinary or compelling reasons, and, in any event, the § 3553(a) factors supported the denial of her motion.

We review *de novo* whether a defendant is eligible for an 18 U.S.C. § 3582(c) sentence reduction.  *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021).  If a defendant is eligible for relief, we review the district court's

---

[1] To the extent De Leon argues that the district court procedurally erred in ruling on her motion before she filed a reply to the government's response in opposition to her motion, no reversible error has been shown.  De Leon cites no authority that provides that a district court must wait for the filing of a reply before ruling on an expedited motion and research has revealed none.  Furthermore, she fails to identify any arguments that she would have raised in her reply brief or how she was otherwise prejudiced by the district court ruling on her expedited motion without giving her the opportunity to file a reply brief.

decision to grant or deny relief for an abuse of discretion. *Id.*; *see also United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(1)(A), however, provides the following limited exception:

> the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* § 3582(c)(1)(A). Thus, De Leon was eligible for a sentence reduction only if the district court found that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See id.* And if she met this eligibility criteria, the district court had to consider the § 3553(a) factors in deciding whether to grant a reduction. *Id.* In other words, the district court may deny relief because the defendant is not eligible, or because relief would be inappropriate under the Section 3553(a) factors, or for both reasons. In this case, the district court denied relief because it determined that De Leon was not eligible as she had not demonstrated extraordinary and compelling reasons that warrant a sentence reduction.

5

The Sentencing Commission defines "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A) in Application Note 1 to U.S.S.G. § 1B1.13 of the Sentencing Guidelines. *See* U.S.S.G. § 1B1.13 cmt. (n.1); *see also Bryant*, 996 F.3d at 1247, 1262–63. Pursuant to this definition, there are four circumstances under which "extraordinary and compelling reasons exist": (A) the defendant suffers from (i) "a terminal illness," or (ii) a permanent health condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility from which he or she is not expected to recover"; (B) the defendant is "at least 65 years old," "is experiencing a serious [age-related] deterioration in physical or mental health," and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"; (C) the defendant's assistance is needed in caring for the defendant's minor child, spouse, or registered partner due to (i) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or (ii) "[t]he incapacitation of the defendant's spouse or registered partner"; and (D) there exist "other" extraordinary and compelling reasons "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. (n.1 (A)–(D)).

Contrary to De Leon's argument on appeal, we have held that "district courts are bound by the Commission's definition of 'extraordinary and compelling reasons' found in 1B1.13." *Bryant*, 996 F.3d at 1262. Furthermore, we have held

that although the catchall "other" extraordinary and compelling reasons provision set forth in Application Note 1(D) gives discretion to the Director of the BOP to identify other qualifying reasons, it "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 1248.  Accordingly, because the BOP did not determine that other extraordinary and compelling reasons existed in De Leon's case, she was eligible for relief only if her asserted reasons fell within the reasons identified as "extraordinary and compelling" in subsections (A) through (C) of Application Note 1 to U.S.S.G § 1B1.13.  *See Bryant*, 996 F.3d at 1264–65.

Although De Leon suffers from obesity and hypertension, those medical problems do not establish eligibility for a reduced sentence, even in light of the COVID-19 pandemic.[2]  *See, e.g.*, *Harris*, 989 F.3d at 912 (holding that a district court does not err in refusing to reduce a prisoner's sentence because his hypertension might increase the risk of a severe illness from COVID-19).  In order to show that her medical conditions were "extraordinary and compelling" reasons

---

[2] The government informed us that since the filing of this appeal, De Leon has refused vaccination against COVID-19, which it maintains further undermines her extraordinary and compelling reason argument.  But that fact was not before the district court and, therefore, does not affect our analysis.  The government also informed us that, since the filing of this appeal, the CDC has updated its lists of what medical conditions present a greater risk of severe illness from COVID-19 and that the list now includes obesity.  Nevertheless, the government maintains that "the district court correctly found[] that [De Leon's] obesity and well-controlled hypertension were *not* extraordinary and compelling reasons warranting compassionate release."

to warrant a reduction, De Leon had to show either that they were terminal or that they diminished her ability to provide self-care in prison and that she is not expected to recover from those conditions. *See* U.S.S.G. § 1B1.13, cmt. (n.1(A)). She did not make that showing. Accordingly, she was not eligible for relief under § 3582(c)(1)(A), and the district court did not err in denying her motion.[3]

**AFFIRMED.**

---

[3] Because the district court lacked the authority to reduce De Leon's sentence and did not reach the § 3553(a) factors, we have no occasion to address those factors. Thus, De Leon's case is different from our recent decision in *United States v. Cook*, 998 F.3d 1180 (11th Cir. 2021), in which the government conceded that extraordinary and compelling reasons existed, and we vacated and remanded the case because the district court's order did not indicate that it had considered the § 3553(a) factors, which precluded meaningful appellate review.