[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13293

_____

D.C. Docket No. 1:12-cr-20716-FAM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HORACE COOK,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 27, 2021)

Before JORDAN, MARCUS, and GINSBURG,* Circuit Judges.

GINSBURG, Circuit Judge:

---

* Honorable Douglas H. Ginsburg, United States Court of Appeals for the District of Columbia Circuit, sitting by designation.

Horace Cook, a federal inmate, suffers from hypertension, latent tuberculosis, and obesity. He moved for "compassionate release," contending his conditions create a high risk he will fall seriously ill or die should he contract COVID-19 in the midst of the unprecedented global pandemic. The United States District Court for the Southern District of Florida summarily denied Cook's motion. Cook appeals, arguing the district court abused its discretion by failing to explain its reasoning and consider certain statutory factors.

Because the district court failed to demonstrate it considered the requisite factors, we hold the district court abused its discretion. Therefore, we vacate the district court's order and remand this matter for further proceedings.

## I. Background

On four consecutive days in August 2012, Cook – who was not armed – robbed the same laundromat three times and a clothing store once. He was charged with four counts of robbery, 18 U.S.C. § 1951, and pleaded guilty to the fourth. At sentencing, the district court applied a career-offender enhancement, declined to depart downward, and sentenced Cook to 151 months in prison. The State of Florida then prosecuted Cook for the first three robberies. Cook again pleaded guilty and was sentenced to 56 months. Despite the Florida court's

2

recommendation to the contrary, the United States Bureau of Prisons decided to run Cook's sentences consecutively. Cook has filed numerous unsuccessful motions for habeas relief under 28 U.S.C. § 2255.

On August 6, 2020, Cook moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that – in any case – the court ... may reduce the term of imprisonment ... after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(formatting modified). Cook asked the district court to reduce his sentence to time served. He offered three assertedly "extraordinary and compelling reasons": (1) the uniquely high risk COVID-19 poses to the incarcerated population; (2) his obesity, high blood pressure, and latent tuberculosis put him at a high risk of death or serious illness should he become infected with the coronavirus; and (3) intervening court decisions mean he would not be subject today to a career-offender sentencing enhancement, so he is serving a disparately long sentence, contrary to the guidance in 18 U.S.C. § 3553(a)(6). He also argued several other § 3553(a) factors weighed in favor of his release.

Before the Government filed a response, the district court denied Cook's motion with the following order:

3

THIS CAUSE came before the Court upon defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), based on extraordinary and compelling circumstances and the Court being fully advised in the premises, it is

ORDERED and ADJUDGED that said motion is DENIED.  The defendant's age (47 years) and ailments (hypertension, obesity, and Latent Tuberculosis) are not extraordinary and compelling circumstances for a reduction to "time served."

*United States v. Cook*, Case No. 12-20716-CR-MORENO, Order (S.D. Fla Aug. 18, 2020).  Cook appealed.

## II. Standard of Review

This circuit recently held the abuse-of-discretion standard is appropriate when reviewing an order granting or denying a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) ("Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one that we will review only for abuse of discretion.").  Indeed, we typically review for abuse of discretion a district court's decision on a motion to reduce a prison sentence.  Consider two examples: 18 U.S.C. § 3582(c)(2) allows a court to reduce a term of imprisonment if, after  the movant was sentenced, the United States Sentencing Commission lowered the sentencing range provided in the sentencing guidelines; and 18 U.S.C. § 3583(e)(1) allows a court to terminate a term of supervised release after one year "if it is

4

satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Each of those provisions, like § 3582(c)(1)(A)(i), expressly requires the district court to consider some or all the factors stated in 18 U.S.C. § 3553(a). *See, respectively*, *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009), and *United States v. Johnson*, 877 F.3d 993 (11th Cir. 2017).

"Review under an abuse of discretion standard, however, is not simply a rubber stamp." *Johnson*, 877 F.3d at 997 (cleaned up). A district court, we have held, "must explain its sentencing decisions adequately enough to allow for meaningful appellate review." *Id.* That is true both when first imposing a sentence and when later deciding whether to grant relief from a sentence. *See id.* Additionally, when the Congress expressly requires consideration of § 3553(a) factors, a district court abuses its discretion if it fails to consider them.[1] As we have seen, section 3582(c)(1)(A)(i) allows a district court to reduce a defendant's term of imprisonment only "after considering the factors set forth in section 3553(a) to the extent that they are applicable." Therefore, an order granting or denying compassionate release, "in light of the record, must indicate that the court considered the [applicable] factors." *Johnson*, 877 F.3d at 998; *see also Stevens*, 2021 WL 1997011, at *6 (observing statutory text identical to that in § 3582(c)(2)

---

[1] Conversely, a district court is not obliged to consider the § 3553(a) factors when the Congress has not expressly so required. *See United States v. Stevens*, ___ F.3d ___, No. 19-12858, 2021 WL 1997011, at *6 (11th Cir. May 19, 2021).

mandates consideration of applicable § 3553(a) factors). A district court need not exhaustively analyze every factor in its order, but it must provide enough analysis "that meaningful appellate review of the factors' application can take place." *Johnson*, 877 F.3d at 998

The Government argues we may affirm on any ground with support in the record, regardless whether the district court relied upon or even considered it, for which proposition it cites several cases from this Circuit considering whether a defendant's prior conviction constituted a violent crime for the purposes of a sentencing enhancement. Whether a past crime constitutes a crime of violence is, however, a question of law. It calls for no discretionary weighing or balancing by the district court and, as usual with questions of law, our review is de novo, *see United States v. Hall*, 714 F.3d 1270, 1271 (11th Cir. 2013). Whether to grant or deny a motion for compassionate release, by contrast, requires the district court to weigh and balance various considerations in the first instance. Before granting a motion, the court must determine whether a movant has offered "extraordinary and compelling reasons" and whether a reduction or release would be consistent with the policy statement found at U.S.S.G. § 1B1.13, *United States v. Bryant*, ___ F.3d ___, No. 19-14267, 2021 WL 1827158, at *13 (11th Cir. May 7, 2021). As explained above, it must also consider all applicable § 3553(a) factors. Examining

6

and weighing these considerations – which may point in different directions – is suffused with discretion.

This circuit has been careful to avoid exceeding our limited role in reviewing sentencing decisions, *United States v. Irey*, 612 F.3d 1160, 1223 (11th Cir. 2010), which are entrusted to the sound discretion of the district court for good reason. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1255 (11th Cir. 2015) (noting district judges "have great advantages over appellate courts when it comes to sentencing"). "In sentencing, as in other areas," however, "district judges at times make mistakes." *Id.* at 1256 (quoting *Rita v. United States*, 551 U.S. 338, 354 (2007)). As with a motion under § 3582(c)(2) or § 3583(e)(1), a district court abuses its discretion when it decides a motion under § 3582(c)(1)(A)(i) without considering the applicable statutory factors. If we cannot tell whether a district court weighed the relevant factors, then we cannot tell whether it abused its discretion.

### III. Merits

Our task is to determine whether the record shows the district court considered the applicable § 3553(a) factors. Because the district court did not conduct a hearing, our only insight into its reasoning must come from its order.

As explained above, a district court "must explain its sentencing decisions adequately enough to allow for meaningful appellate review." *Johnson*, 877 F.3d

at 997.  At minimum, we must be able to understand from the record how the district court arrived at its conclusion, including what factors it relied upon.  *Id.* at 998 (holding "where the order is deficient in explanation, the record must clearly imply that the relevant factors were considered — enough so that meaningful appellate review of the factors' application can take place").  Otherwise, "we must vacate and remand the case to the district court."  *United States v. Douglas*, 576 F.3d 1216, 1219 (11th Cir. 2009).

The record in this case does not demonstrate that the district court considered the applicable § 3553(a) factors.  Cook offered three reasons he claimed were extraordinary and compelling.  The first two related to the risks COVID-19 pose to his health.  The district court may have been referring to these obliquely through its references to Cook's age and health, but we cannot know because its order did not even mention COVID-19 or the ongoing pandemic.  Cook's third reason is that he is now serving a disproportionately long sentence which, if true, invokes the penultimate factor in § 3553(a).  *See* 18 U.S.C. § 3553(a)(6) (requiring a sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct").  Cook also generally argued other § 3553(a) factors supported granting his motion.  The district court's order, however, includes nothing to suggest the court considered, balanced, or weighed any of this.

8

We do not expect a district court "to articulate [its] findings and reasoning with great detail." *Irey*, 612 F.3d at 1195. But when considering a motion under § 3582(c)(1)(A)(i), it "must ensure that the record reflects that it considered the [applicable] § 3553(a) factors." *Douglas*, 576 F.3d at 1220. "Without such information, we cannot engage in meaningful appellate review and must vacate and remand." *Id.*

The Government acknowledges Cook's obesity "presents an extraordinary and compelling reason for compassionate release in light of the COVID-19 pandemic." It argues, however, the record demonstrates the § 3553(a) "factors counsel against compassionate release." Whether Cook is indeed serving a disproportionately long sentence – and, if so, whether it would justify compassionate release – is not for us to decide in the first instance. To undertake that task ourselves would require us to overstep our limited role in reviewing sentencing decisions. *See Rosales-Bruno*, 789 F.3d at 1254-56.

The Government also claims, albeit without much conviction, the district court's statement that it was "fully advised in the premises" suffices to show it considered all that it must consider. This boilerplate, however, provides no insight into the district court's reasoning.

Finally, the Government notes the district judge was familiar with the record because he had presided over Cook's plea, sentencing, and earlier efforts to reduce

9

his sentence.  For support, the Government refers to our decision in *United States v. Eggersdorf*, 126 F.3d 1318 (11th Cir. 1997).  In that case we considered whether a district court deciding a motion under § 3583(c)(2) abuses its discretion if it "fail[s] to articulate specifically the applicability – if any – of each of the section 3553(a) factors." *Id.* at 1322.  We held it does not "as long as the record demonstrates that the pertinent factors were taken into account." *Id.*  The record was sufficient in Eggersdorf's case because the district judge – who had indeed presided over the prisoner's initial sentencing – stated in his ruling that he had reviewed and "specifically referenced the Government's Opposition, which in turn cited specific elements that were relevant to the necessary section 3553(a) inquiry and that were supported by the record." *Id.* at 1323.  To be sure, both this case and *Eggersdorf* involve brief orders written by the original sentencing judge, but nothing in *Eggersdorf* suggests a conclusory order is sufficient so long as it was written by the sentencing judge.  For example, in *Douglas*, we rejected the government's reliance upon *Eggersdorf* because Douglas's motion "[did] not set forth the § 3553(a) factors, and there [was] no response from the government at all nor a sentencing transcript reflecting that the factors were argued by the parties."

576 F.3d at 1220.  We are presented here with a similarly threadbare record, and we cannot simply assume the district court considered all that it must.[2]

Because the present record does not allow for meaningful appellate review, we must **VACATE** the district court's order denying Cook's motion and **REMAND** this matter for further proceedings consistent with this opinion.

---

[2] Because we conclude the present record is insufficient to allow meaningful appellate review, we do not reach the Government's argument that one of Cook's arguments in favor of release is beyond the scope of what the United States Sentencing Commission has said is extraordinary and compelling.