[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12868
Non-Argument Calendar
_____

D.C. Docket No. 0:09-cr-60245-WPD-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL FERNANDEZ GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 19, 2021)

Before MARTIN, BRANCH, and ED CARNES, Circuit Judges.

PER CURIAM:

Rafael Garcia, acting pro se, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Garcia contends his medical conditions of a pulmonary embolism in 2000, "multiple" heart attacks over "the next few years," kidney stones in 2003, hypertension, atherosclerotic heart disease, and high cholesterol "put him at a tremendous risk" of contracting coronavirus, which he asserts "will enter" his prison and "cannot be stopped." He argues coronavirus "would be fatal" to him, so his increased risk of contracting it is an extraordinary and compelling reason warranting compassionate release. He also argues the district court failed to analyze his listed extraordinary circumstances "thoroughly" and failed to address his argument regarding sentencing disparities.

"We review de novo . . . determinations about a defendant's eligibility for a Section 3582(c) sentence reduction," and "we review for abuse of discretion a district court's grant or denial of an eligible defendant's reduction request." United States v. Bryant, 996 F.3d 1243, 1251 (11th Cir. 2021). A defendant isn't eligible for a § 3582(c)(1)(A) sentence reduction unless "extraordinary and compelling reasons warrant" it, § 3582(c)(1)(A), and the first application note to U.S.S.G. § 1B1.13 defines what reasons qualify as extraordinary and compelling, § 1B1.13 cmt. n.1. The reasons listed in that application note, which we have held are exhaustive, see Bryant, 996 F.3d at 1263–65, include terminal illness and serious,

permanent physical or medical conditions that substantially diminish a defendant's ability to care for himself, § 1B1.13 cmt. n.1(A). The application note also contains a catchall category for any "other reasons" the BOP director determines are extraordinary and compelling. Id. at cmt. n.1(D). "[D]istrict courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13." Bryant, 996 F.3d at 1262.

When Garcia moved the BOP for compassionate release in March 2020, he used a form that included a checklist of empty boxes next to reasons corresponding with the ones listed in § 1B1.13 cmt. n.1. Garcia checked the box next to "other:- Extraordinary and Compelling Circumstance," the entry intended to correspond to the application note's catchall category. And Garcia's accompanying written explanation gave his history of pulmonary embolism as the only reason in support of his motion. As a result, the government contends Garcia failed to exhaust his administrative remedies on any ground other than that one. But we will assume Garcia comprehensively exhausted his administrative remedies because it doesn't matter given that the court didn't err in ruling that he had not shown extraordinary and compelling reasons to warrant compassionate release.

First, Garcia made clear on his motion form that he was applying for compassionate release under the catchall provision of § 1B1.13 cmt. n.1, which is subpart (D). But that provision specifically requires the director of the BOP — not

3

the district court — to determine "what reasons not expressly listed in [§] 1B1.13 can be extraordinary and compelling." Bryant, 996 F.3d at 1263; see also § 1B1.13 cmt. n.1(D). And despite the COVID-19 pandemic, the director of the BOP has not determined that medical conditions that increase an inmate's risk of contracting coronavirus are extraordinary and compelling reasons for compassionate release.[1] See BOP Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g), https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

Second, to the extent Garcia intended to apply for compassionate release under the medical conditions provision of § 1B1.13 cmt. n.1, which is subpart (A), that provision is limited to conditions that are terminal or have permanently debilitated a defendant. See § 1B1.13 cmt. n.1(A). Garcia hasn't argued any of his ailments are terminal or have made him unable to care for himself, so they wouldn't make him eligible for compassionate release under subpart (A) even if he had checked that box on the BOP form.

Finally, in denying the motion the district court explicitly considered both the ailments Garcia argued were extraordinary and compelling reasons to grant

---

[1] Nor has the BOP director determined that sentencing disparities are extraordinary and compelling reasons for compassionate release. See BOP Program Statement 5050.50. That makes sense because § 3582(c)(1) does not authorize direct challenges to a defendant's sentence on such grounds; those should be raised on direct appeal or in collateral proceedings under 28 U.S.C. § 2255.

4

compassionate release and the applicable 18 U.S.C. § 3553(a) factors.  This not only refutes Garcia's assertion that the court failed to adequately analyze his motion, it also supports our conclusion that the court did not abuse its discretion. See United States v. Harris, 989 F.3d 908, 912 (11th Cir. 2021) ("The district court additionally considered the § 3553(a) factors and § 1B1.13 n.1, which further contributes to our holding that it did not abuse its discretion."); see also United States v. Cook, 998 F.3d 1180, 1184 (11th Cir. 2021) (noting that courts evaluating motions for compassionate release under § 3582(c)(1)(A) must "consider all applicable § 3553(a) factors").

Because Garcia's "motion does not fall within any of the reasons that [§] 1B1.13 identifies as 'extraordinary and compelling,' the district court correctly denied his motion for a reduction of his sentence." Bryant, 996 F.3d at 1265; see also Harris, 989 F.3d at 912 (affirming the conclusion that hypertension and other medical conditions were not "extraordinary and compelling" reasons to grant a prisoner compassionate release).

**AFFIRMED.**

5