[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10585
Non-Argument Calendar

_____

D.C. Docket No. 4:91-cr-10021-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ROMEU,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 29, 2021)

Before MARTIN, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

In 2020, Jose Romeu, a federal prisoner, moved for compassionate release

pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  Under that provision, a district court

may reduce a sentence "after considering the factors set forth in [18 U.S.C.

§ 3553(a)] to the extent they are applicable," if the court finds that "extraordinary and compelling reasons warrant such a reduction" and that the reduction is consistent with the applicable policy statement in United States Sentencing Guideline § 1B1.13.  18 U.S.C. § 3582(c)(1)(A)(i); see United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021).  In his motion, Romeu said his medical condition, diabetes, was an extraordinary and compelling reason because it was a serious condition substantially diminishing his ability to provide self-care in light of COVID-19.  See USSG § 1B1.13 n.1(A)(ii).  Romeu also said his age, 67 years old at the time of his motion, was an extraordinary and compelling reason because he was "experiencing a serious deterioration in physical health because of the aging process."  See USSG § 1B1.13 n.1(B).  Finally, he argued that the district court had discretion to consider extraordinary and compelling reasons beyond those expressly enumerated in section 1B1.13, such as his complete rehabilitation and model disciplinary record while in prison.  Separately, Romeu argued that the section 3553(a) factors supported compassionate release.

The district court denied Romeu's motion for compassionate release.  The court found "that [Romeu's] health does not present 'extraordinary and compelling' factors that warrant release at this time," as his "medical problems are well-maintained in prison and can be managed" by the Bureau of Prisons.  And because the court found that Romeu's "medical issues are not 'extraordinary and

2

compelling,'" it said it "need not analyze the sentencing factors in 18 U.S.C. § 3553." The court did not address Romeu's argument that his age was an extraordinary and compelling reason.

On appeal, Romeu says the district court erred by failing to consider the section 3553(a) factors and by failing to consider the other extraordinary and compelling reasons he proffered, such as his age. In response, the government moves this Court to summarily vacate the district court's ruling and remand for further proceedings. The government says the district court failed to consider the section 3553(a) factors as required by this Court's recent decision in United States v. Cook, 998 F.3d 1180 (11th Cir. 2021). The government also moves to stay the briefing schedule pending resolution of its motion.

We review for abuse of discretion a district court's order denying a motion for compassionate release. Cook, 998 F.3d at 1183. "[A]n order granting or denying compassionate release, in light of the record, must indicate that the court considered the applicable factors." Id. at 1184 (quotation marks omitted and alteration adopted). This means that, in addition to considering whether the movant has shown extraordinary and compelling reasons, the district court "must also consider all applicable § 3553(a) factors." Id. Otherwise, we cannot conduct meaningful appellate review and "must vacate and remand the case to the district court." Id. at 1184–85. In Cook, the district court denied the defendant's motion

3

for compassionate release because it found his age and medical conditions were not extraordinary and compelling reasons. Id. at 1183. This Court vacated and remanded the case to the district court because the record did "not demonstrate that the district court considered the applicable § 3553(a) factors," and thus the Court could not conduct meaningful appellate review. Id. at 1185–86.

Here, summary disposition is appropriate because "the result is clear as a matter of law so . . . there can be no substantial question as to the outcome." Brown v. United States, 942 F.3d 1069, 1076 n.6 (11th Cir. 2019) (per curiam). As Romeu argues, and as the government acknowledges, the record does not show the district court considered the section 3553(a) factors. In fact, the district court expressly said it "need not analyze the sentencing factors in 18 U.S.C. § 3553" because it found Romeu's "medical issues are not 'extraordinary and compelling.'" But as Cook makes clear, the district court needed to "also consider all applicable § 3553(a) factors." Cook, 998 F.3d at 1184. As in Cook, this record is insufficient to allow for meaningful appellate review, so we must vacate and remand this case to the district court.[1]  Id. at 1185–86.

---

[1] The record does not indicate the district court considered whether Romeu's age was an extraordinary and compelling reason justifying compassionate release. See USSG § 1B1.13 n.1(B). As such, we cannot conduct meaningful appellate review for this reason as well.

4

Accordingly, the government's motion for summary vacatur and remand to the district court is **GRANTED** and its motion to stay the briefing schedule is **DENIED** as moot.