[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14840
Non-Argument Calendar

_____

D.C. Docket No. 1:07-cr-00315-SCJ-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER OCTAVIOUS JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 11, 2021)

Before JILL PRYOR, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Christopher Octavious Jackson, through counsel, appeals the district court's denial of compassionate release under 18 U.S.C. § 3582(c)(1)(A) after finding that Jackson remained a danger to the community. He argues that the district court erred by considering his dangerousness under 18 U.S.C. § 3142(g) without first considering whether the sentencing disparity among offenders sentenced under 18 U.S.C. § 924(c)'s stacking provision and his age when he committed his crimes constituted extraordinary and compelling reasons to warrant a sentence reduction.

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). After eligibility is established, we review a district court's decision as to whether to reduce a sentence under § 3582(c)(1)(A) for abuse of discretion. *Id*.

In 2018, Congress enacted the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act"), which, in part, amended 18 U.S.C. § 3582(c)(1)(A) to increase the use and transparency of compassionate release of federal prisoners. *See* First Step Act § 603. The statute provides that a court may not modify a term of imprisonment once it has been imposed except under certain circumstances and further provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it

2

finds that extraordinary and compelling reasons warrant such a
reduction.

18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A) also requires that the court

consider the applicable factors in § 3553(a) and that any reduction be consistent with

applicable policy statements issued by the Sentencing Commission. *Id.*; *United*

*States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021).

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G.

§ 1B1.13, which states that the court must determine that the defendant is not a

danger to the safety of any other person or to the community, as provided in 18

U.S.C. § 3142(g), before it can determine whether extraordinary and compelling

reasons exist. *See* U.S.S.G. § 1B1.13; *id.*, comment. (n.1). The district court is to

consider the following factors when determining whether an individual is a danger

to another person or the community: the nature and circumstances of the offense

charged; the weight of the evidence against the individual; the history and

characteristics of the individual, including his past conduct, criminal history, and

health; and the nature and seriousness of the danger that would be posed by the

individual's release. 18 U.S.C. § 3142(g).

An application note to § 1B1.13 lists four categories of extraordinary and

compelling reasons: "(A) Medical Condition of the Defendant"; "(B) Age of the

Defendant"; "(C) Family Circumstances"; and "(D) Other Reasons.—As determined

by the Director of the Bureau of Prisons, there exists in the defendant's case an

3

extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, comment. (n.1). A prisoner's rehabilitation is not, by itself, an extraordinary and compelling reason warranting a sentence reduction. *Id.*, comment. (n.3).

In *Bryant*, we concluded that § 1B1.13 is applicable to all motions filed under § 3582(c)(1)(A), including those filed by prisoners. 996 F.3d at 1251-59. We thus held that § 1B1.13 continues to constrain a district court's ability to evaluate whether extraordinary and compelling reasons are present to warrant a sentence reduction. *Id.* at 1252. Next, we held that the catch-all provision in Application Note 1(D) "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 1248, 1263-65. Finally, we held that, because Bryant's motion did not fall within any of the reasons that § 1B1.13 identified as extraordinary or compelling, the district court correctly denied his motion for a reduction in sentence. *Id.* at 1265.

In *Cook*, we held that a district court abuses its discretion if it fails to consider all applicable § 3553(a) factors before granting or denying a motion for compassionate release. 998 F.3d at 1184-86. A district court must explain its decision sufficiently to allow for meaningful appellate review, *i.e.,* to allow the court of appeals to determine whether the district court considered the applicable factors. *Id.* at 1184-85. Nevertheless, it is not necessary for the district court to state on the

4

record that it has explicitly considered each of the § 3553(a) factors or to discuss each of them. *See United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). A sentence may be affirmed if the record indicates that the court considered a number of the factors. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) (concluding that, while the district court did not specifically state that it had considered the factors, it necessarily considered a number of them by entertaining the defendant's objections and motion for a downward departure). The weight given to any of the § 3553(a) factors is committed to the sound discretion of the district court. *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016).

Under § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing, which are: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment. 18 U.S.C. § 3553(a). Section 3553(a) also requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences for defendants with similar records, and the need to provide restitution to any victims. *Id.*

Here, the district court did not err in denying Jackson's motion for compassionate release because he was not eligible for a sentence reduction. While the court did not make a finding whether Jackson had shown extraordinary and compelling reasons, *Bryant* forecloses his argument that the sentencing disparity caused by the amendment to § 924(c)'s stacking provision or his age when he committed his crimes constitute extraordinary and compelling reasons to warrant a sentence reduction. *See Bryant*, 996 F.3d at 1248, 1263-65 (holding that the catch-all provision in Application Note 1(D) "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence"). Further, the court correctly found that Jackson's rehabilitation by itself was not an extraordinary and compelling reason that warranted a sentence reduction. *See* U.S.S.G. § 1B1.13, comment. (n.3).

Next, consistent with *Cook*, the district court's order sufficiently addressed the § 3553(a) factors and explained its decision to allow for meaningful appellate review. The court's order noted that it was required to consider the § 3553(a) factors and noted several circumstances related to those factors, including: the nature and circumstances of the offense, Jackson's history and characteristics, promoting respect for the law, and deterring future criminal conduct. While the court's order cited § 3142(g) in discussing those factors, it necessarily considered the § 3553(a) factors because most of the § 3142(g) factors are also § 3553(a) factors. *Compare*

18 U.S.C. § 3142(g), *with* 18 U.S.C. § 3553(a).  Moreover, while Jackson disagrees with the factors it explicitly considered and the weight given to those factors, the court was not required to state that it considered each of the § 3553(a) factors and had discretion to give more weight to certain factors.  *See Kuhlman*, 711 F.3d at 1326; *Croteau*, 819 F.3d at 1309.  The court's discussion of the facts surrounding Jackson's offenses and plea, as well as his criminal history and characteristics, in explaining its reason for denying relief allows for meaningful appellate review.  *See Cook*, 998 F.3d at 1184-85.

Accordingly, because Jackson was not eligible for a reduction in sentence under § 3582(c)(1)(A) and the district court considered the § 3553(a) factors and sufficiently explained its reasoning, the court did not err or abuse its discretion in denying his compassionate release motion.

**AFFIRMED.**