[DO NOT PUBLISH|

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  20-14305
Non-Argument Calendar

_____

D.C. Docket No. 8:15-cr-00242-SCB-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THEORIDOTES COLLINS,
a.k.a. Theodis Collins,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 12, 2021)

Before JORDAN, NEWSOM and BRANCH, Circuit Judges.

PER CURIAM:

Theoridotes Collins, a federal prisoner proceeding *pro se*, appeals the denial

of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as

amended by Section 603(b) of the First Step Act.[1]   He argues that the district court abused its discretion by relying on the policy statement at U.S.S.G. § 1B1.13.  The government responds by moving for summary affirmance of the district court's order and for a stay of the briefing schedule, arguing that Collins's sole argument on appeal is foreclosed by this Court's recent decision in *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir.), *petition for cert. filed*, No. 20-1732 (U.S. June 10, 2021).

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). Abuse of discretion review "means that the district court had a range of choice" and that we "cannot reverse just because we might have come to a different conclusion." *Id.* at 912 (quotation marks omitted).  However, a district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").

determination, or makes clearly erroneous factual findings. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). A district court may grant a prisoner's motion for compassionate release, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13. The commentary to § 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, provided that the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13; *id.*, comment. (n.1). As relevant here, the commentary lists a defendant's medical conditions and family circumstances as possible "extraordinary and compelling reasons" warranting a sentence reduction. *Id.*, comment. (n.1).

A prisoner's medical condition may warrant a sentence reduction if he (1) has a terminal disease or (2) is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover. *Id.*, comment. (n.1(A)). A prisoner's family circumstances may warrant a sentence reduction where the "death or incapacitation of the caregiver of [his] . . . minor children" occurs. *Id.*, comment. (n.1(C)(i)). The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed. *Id.*, comment. (n.1(D)).

In *Bryant*, we concluded that § 1B1.13 is applicable to all motions filed under that statute, including those filed by prisoners, and, thus, a district court may not reduce a sentence unless a reduction would be consistent with § 1B1.13's definition of "extraordinary and compelling reasons." 996 F.3d at 1252–62. Next, we concluded that the catch-all provision in the commentary to § 1B1.13 did not grant to district courts, in addition to the Bureau of Prisons, the discretion to develop other reasons outside those listed in § 1B1.13 that might justify a reduction in a defendant's sentence. *Id.* at 1248, 1263, 1265.

In addition to determining whether a movant has offered extraordinary and compelling reasons and whether a reduction or release would be consistent with the policy statement in § 1B1.13, a district court must also consider "all applicable" 18 U.S.C. § 3553(a) factors when it grants or denies a motion for compassionate release. *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021). A district court is not required to articulate its findings and reasonings in great detail, but, when we consider a § 3582(c)(1)(A)(i) motion, we "cannot engage in meaningful appellate review and must vacate and remand" if the record does not reflect that the district court considered the applicable factors. *Id.* at 1185–86 (quotation marks omitted).

Here, because the sole issue on appeal is foreclosed by *Bryant*, there is no substantial question that the district court properly denied Collins's motion for compassionate release. *See Groendyke Transp.*, 406 F.2d at 1162. In *Bryant*, we recently held that the policy statement in § 1B1.13 is applicable to all motions filed under § 3582(c)(1)(A) and district courts may not reduce a sentence under that statute unless a reduction would be consistent with § 1B1.13. *Bryant*, 996 F.3d at 1262. Thus, *Bryant* forecloses Collins's arguments that the district court improperly relied on § 1B1.13 in denying his motion.

Collins does not appear to argue that the district court abused its discretion in concluding that he did establish an extraordinary and compelling reason for compassionate release under § 1B1.13 and, in any event, could not show an abuse

5

of discretion. The court was within its discretion to find that Collins's medical conditions did not rise to the level of extraordinary and compelling reasons because Collins did not allege he was suffering from a terminal illness and his conditions were being successfully managed by medication while incarcerated, as required under § 1B1.13. U.S.S.G. § 1B1.13, comment. (n.1(A)). Moreover, the family circumstance that Collins presented to the district court—the death of his children's mother—was not consistent with the policy statement's listed family circumstances because his children were staying with family caregivers. *Id.* § 1B1.13, comment. (n.1(C)). The district court was also required under the policy statement to determine whether he posed a danger to the community, which it did. *Id.* § 1B1.13(2). And, contrary to Collins's argument on appeal, the district court was not permitted to create new compelling or extraordinary reasons beyond the limitations of § 1B1.13. *Id.* § 1B1.13, comment. (n.1(C)); *Bryant*, 996 F.3d at 1248, 1263, 1265. Moreover, after considering the policy statement, the district court complied with this Court's precedent by explicitly stating that it had considered the 18 U.S.C. § 3553(a) factors in denying Collins's compassionate-release motion. *Cook*, 998 F.3d at 1184. Thus, because the district court was bound and limited by the policy statement in § 1B1.13, the government's position is "clearly right as a matter of law." *Groendyke Transp.*, 406 F.2d at 1162; *Bryant*, 996 F.3d at 1262.

Therefore, because the government's position is correct as a matter of law and there is no substantial question that the district court did not abuse its discretion by denying Collins's motion for compassionate release, we GRANT the government's motion for summary affirmance. *See Groendyke Transp.*, 406 F.2d at 1162. Accordingly, we DENY the accompanying motion to stay the briefing schedule as moot.