[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10291
Non-Argument Calendar

_____

D.C. Docket No. 3:18-cr-00142-BJD-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES EDWARD PHILLIPS, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 2, 2021)

Before MARTIN, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

James Edward Phillips, III, a federal prisoner proceeding *pro se*, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018). Mr. Phillips argues on appeal that, based on his medical conditions, he is at risk of serious illness or death from COVID-19, which constitutes an extraordinary and compelling reason for his immediate release.

After careful review, we find that the district court did not abuse its discretion in denying Mr. Phillips' motion for compassionate release. We therefore affirm.

**I**

In 2019, Mr. Phillips pleaded guilty to a six-count indictment that charged four cocaine-distribution offenses and two felon-in-possession offenses related to the sale of cocaine and firearms to a confidential informant working with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. Based on his criminal history, the Probation Office calculated a criminal-history category of VI and a base offense level of 22, resulting in an advisory guideline imprisonment range of 110 to 137 months.

After considering the PSI, statements from Mr. Phillips' family and friends, arguments from Mr. Phillips and the government allocution, and the 18 U.S.C. § 3553(a) sentencing factors, the district court sentenced Mr. Phillips to 120 months'

imprisonment, consisting of 120 months as to each count to run concurrently, followed by a total term of 6 years of supervised release.

A few days after entry of judgment, Mr. Phillips moved for reconsideration of his sentence and requested a hearing to address a mistake in the guideline calculation. He argued that his counsel had failed to make a proper objection to the PSI's scoring of 3 criminal history points for his 2012 conviction because he had been sentenced on those charges and an unrelated charge on the same day without an intervening arrest. He asserted that, absent counsel's mistake, he would have had a criminal history score of 12 and criminal history category of V, resulting in an advisory guideline range of 100 to 125 months' imprisonment. He requested the opportunity to amend the PSI and guideline calculation and resentencing.

In denying Mr. Phillips' motion, the district court explained that it had imposed the 120-month sentence "after considering the relevant [§] 3553(a) factors and weighing [Mr. Phillips'] history and characteristics, including his substantial criminal history and mitigation materials." The court stated it would have imposed the same 120-month sentence whether Mr. Phillips' criminal history category was V or VI.

Mr. Phillips appealed, claiming that his counsel's failure to challenge the guideline error at sentencing amounted to ineffective assistance. We affirmed. *See United States v. Phillips*, 853 Fed.Appx. 623, 623 (2021).

While his direct appeal was still pending, Mr. Phillips filed with the district court a *pro se* motion for a sentence reduction under § 3582(c)(1)(A). He asserted that he suffered from kidney disease, hypertension, and chronic nasal and sinus illness and that the confluence of his conditions and COVID-19 was a compelling and extraordinary reason for compassionate release. He claimed that the Bureau of Prisons had declared that it was unable to control the COVID-19 outbreak in its facilities and was unable to keep inmates safe. He asserted that he had exhausted his administrative remedies and requested that the district court reduce his 120-month sentence to 36 months or, alternatively, modify his sentence to supervised release or home confinement. Mr. Phillips attached to his motion two administrative requests for compassionate release and the warden's denial of those requests. The government opposed Mr. Phillips' motion but conceded that he had exhausted his administrative remedies and that his kidney disease was in a category of conditions that presented an increased risk of serious illness from COVID-19.

The district court denied Mr. Phillips' motion. Preliminarily, the court noted that Mr. Phillips' then-pending direct criminal appeal would normally have divested it of jurisdiction but, because he had exhausted his administrative remedies, it determined that it had jurisdiction under Rule 37(a) of the Federal Rules of Criminal Procedure to issue certain types of rulings on the motion. Next, the court noted that the Centers for Disease Control and Prevention had identified chronic kidney disease

4

as a condition known to increase the risk of serious illness from COVID-19 and therefore assumed that the confluence of Mr. Phillips' kidney condition and COVID-19 constituted an extraordinary and compelling reason for compassionate release. But it nevertheless concluded that the § 3553(a) factors did not support a sentence reduction.

The district court stated that it had determined when sentencing Mr. Phillips that his 120-month sentence "was warranted to accomplish the statutory purposes of sentencing, including the need to reflect the seriousness of the offense, to promote respect for the law, and to afford adequate deterrence." It recounted its discussion with Mr. Phillips at sentencing that, despite exhibiting behavioral insight, "his actions ha[d] not reflected his words" as he had "repeatedly broken the law." It detailed Mr. Phillips' criminal history as a juvenile and an adult and stated that it had explained at sentencing that his 120-month sentence "was warranted to protect the public and to teach [Mr.] Phillips the need to follow the law." Noting that Mr. Phillips had completed only 28 months (23 percent) of his sentence, the court concluded that granting him early release "would fail to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, and protect the public."

Mr. Phillips now appeals the denial of his § 3582(c)(1)(A) motion. He argues that the district court abused its discretion by putting undue weight on his criminal

history rather than the nonviolent nature of his present offenses, placing insufficient weight on the extreme danger presented to him by the COVID-19 pandemic, and failing to consider the alternative of home confinement. Mr. Phillips also argues for the first time on appeal that he has actually contracted COVID-19, thus further meriting his release.

## II

We review a district court's denial of a § 3582(c)(1)(A) motion for abuse of discretion. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). Abuse of discretion review "means that the district court had a range of choice" and that we "cannot reverse just because [it] might have come to a different conclusion." *Id.* at 912 (quotation marks omitted). However, a district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings. *See United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). Under § 3582(c)(1)(A), as modified by the First Step Act, a district court may grant a prisoner's motion for compassionate release, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that … extraordinary and compelling reasons

6

warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. We have concluded that § 1B1.13 is applicable to all compassionate release motions filed under § 3582(c)(1)(A), and thus a district court may not reduce a sentence unless a reduction would be consistent with § 1B1.13's definition of "extraordinary and compelling reasons." *United States v. Bryant*, 996 F.3d 1243, 1251–62 (11th Cir.), *petition for cert. filed*, No. 20-1732 (U.S. June 10, 2021). The commentary to § 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, provided that the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13 cmt. n.1. As relevant here, the commentary lists a defendant's medical condition as a possible "extraordinary and compelling" reason warranting a sentence reduction under certain circumstances. *See id*.

In addition to determining whether a movant has offered extraordinary and compelling reasons and whether a reduction or release would be consistent with the policy statement in § 1B1.13, a district court must also consider "all applicable" 18 U.S.C. § 3553(a) factors when it grants or denies a motion for compassionate

release. *See United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021). A district court is not required to articulate its findings and reasonings in great detail, but, when we consider a § 3582(c)(1)(A)(i) motion, we "cannot engage in meaningful appellate review and must vacate and remand" if the record does not reflect that the district court considered the applicable factors. *See id.* at 1185–86 (quotation marks omitted).

Under § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing, which include: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment. *See* 18 U.S.C. § 3553(a). A district court must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences, and the need to provide restitution to any victims. *See id.*

"The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). Even so, a district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of

judgment in considering the proper factors. *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

## III

## A

Prior to reaching the merits, we first address whether the district court had jurisdiction to address Mr. Phillips' motion while the direct appeal was pending.

We agree with the district court that it had jurisdiction to deny Mr. Phillips' claim. Ordinarily, the filing of a notice of appeal divests a district court of jurisdiction "over the aspects of the case involved in the appeal" and bars the district court from taking "*any* action with regard to the matter." *Id.* (quotation marks omitted). However, Rule 37 of the Federal Rules of Criminal Procedure gives a district court authority to issue an order denying a motion despite a pending appeal. *See* Fed. R. Crim. P. 37(a)(2) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may … deny the motion."). The denial of Mr. Phillips' § 3582(c)(1)(A) motion falls squarely within this exception.

## B

The district court did not abuse its discretion in denying Mr. Phillips' § 3582(c)(1)(A) motion. The court assumed that Mr. Phillips had presented extraordinary and compelling circumstances. After weighing the 18 U.S.C.

§ 3553(a) factors in relation to Mr. Phillips' criminal history, the seriousness of the offense, the need to promote respect for the law, the relatively small proportion of the sentence served, and the need to afford adequate deterrence, the district court decided that a sentence reduction or home confinement would not be appropriate. That explanation was sufficient, s*ee Cook*, 998 F.3d at 1184, and Mr. Phillips has failed to show that it constituted a clear error of judgment. *See Irey*, 612 F.3d at 1189. [1]

### III

The district court did not abuse its discretion in weighing the 18 U.S.C. § 3553(a) factors in declining to reduce or alter Mr. Phillips' sentence in response to his § 3582(c)(1)(A) motion.

**AFFIRMED.**

---

[1] Given our resolution, we find it unnecessary to address whether Mr. Phillips properly exhausted his claim in relation to the new allegation that he has actually contracted COVID-19, which he raises for the first time on appeal. That assertion only relates to the extraordinary and compelling circumstances prong and not the weighing of the § 3553(a) factors on which the district court based its denial.