[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11289

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FRITZ LAFONTANTE,
a.k.a. Guy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:97-cr-06007-RNS-6

_____

Before WILSON, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Fritz Lafontante, a native and citizen of Haiti and federal prisoner proceeding pro se, appeals the district court's denial of his motion for compassionate release under the First Step Act,[1] codified at 18 U.S.C. § 3582(c)(1)(A). The government, in turn, moves for summary reversal of the district court's order or, alternatively, for a stay of the briefing schedule. The government agrees with the district court that Lafontante fails his statutory burden to present "extraordinary and compelling reasons" justifying compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). However, the government concedes that the district court abused its discretion by denying Lafontante's motion without proper consideration of the § 3553(a) factors as expressly required by Congress. We deny

---

[1] First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

the government's motion for summary reversal and deny as moot

its motion to stay the briefing schedule.

## I.

We liberally construe pro se filings. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). Employing this construction, we interpret Lafontante's pro se motion as asserting that the district court abused its discretion by failing to consider the § 3553(a) factors, a necessary condition for a grant of compassionate release under § 3582(c)(1)(A).

## II.

We review de novo a district court's determination about a defendant's eligibility for a § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021), *petition for cert. filed*, No. 20-1732 (U.S. June 10, 2021). However, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion under

an abuse of discretion standard. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.*

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[2].

III.

---

[2] All decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

District courts lack the inherent authority to modify a defendant's sentence and "may do so only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). As relevant here, a district court may reduce a sentence for "extraordinary and compelling reasons" pursuant to § 3582(c)(1)(A). 18 U.S.C. § 3582(c)(1)(A)(i). The statute also requires that the district court consider the factors outlined in § 3553(a) and determine whether a reduction is consistent with the applicable policy statements issued by the Sentencing Commission before granting a § 3582(c)(1)(A) motion for compassionate release. *Id.*

In *United States v. Cook*, issued before Lafontante filed his initial brief, the government conceded on appeal that "extraordinary and compelling reasons" were present, and we held that a district court must consider "all applicable" § 3553(a) factors in

evaluating a motion for compassionate release under 18 U.S.C. §

3582(c)(1)(A).  998 F.3d 1180, 1183–84 (11th Cir. 2021).  Here, the

district court found it unnecessary to consider the applicable §

3553(a) factors because "extraordinary and compelling reasons" did

not warrant a sentence reduction under § 3582(c)(1)(A).  In light of

our recent decision in *United States v. Tinker*, No. 20-14474, 2021

WL 4434621 (11th Cir. Sept. 28, 2021), the district court did not err.

In *Tinker*, we make it clear that "nothing on the face of 18

U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassion-

ate-release analysis in any particular order."  *Tinker*, 2021 WL

4434621, at *2.  We also reasoned that, because all three necessary

conditions under § 3582(c)(1)(A) must be satisfied, "the absence of

even one would foreclose a sentence reduction."  *Id.*

Here, as in *Tinker*, the district court found that at least one

of the compassionate-release conditions was not satisfied.  *Id.*

21-11289                Opinion of the Court                7

Applying the abuse of discretion standard, then, "it cannot … have been error for the district court to skip assessment of another condition." *Id.* Even if the district court had assessed the § 3553(a) factors here, the result would be the same—denial of the sentence reduction—because it found that "extraordinary and compelling reasons" do not exist. Therefore, the district court conducted a complete inquiry and there was no need to consider the § 3553(a) factors.

Accordingly, because the government's position that the district court abused its discretion is incorrect in light of *Tinker*, we DENY its motion for summary reversal and DENY as moot its motion to stay the briefing schedule.