[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12547

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GARY DESHON SHEPARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:17-cr-00068-RH-MAF-1

_____

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Gary Shepard pleaded guilty in 2018 to eight offenses, including possessing and distributing narcotics, conspiracy to possess and distribute narcotics, and unlawful firearm possession. He received a sentence of 84 months in prison followed by ten years of supervised release. The district court later explained that this sentence was "well below the guideline range," even before accounting for Shepard's status as an armed career criminal and a career offender.

The following year Shepard began requesting a sentence reduction, beginning with a letter sent to the district court judge and attorneys for the case alleging various sentencing errors. The court rejected his arguments. Shepard tried again in 2020, this time seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argued that because his allergic rhinitis might increase his vulnerability to COVID-19, he had shown the "extraordinary and compelling reasons" required for such release. *See* U.S.S.G. § 1B1.13. The district court assumed without deciding that Shepard's medical condition might qualify him for compassionate release, but explained that the 18 U.S.C. § 3553(a) sentencing factors did not justify a sentence reduction.

Shepard filed his most recent motion to reduce his sentence this past year, offering substantially the same arguments that he

had made the year before.  The district court denied the motion in a two-paragraph order.  Shepard now appeals.

We review a district court's denial of compassionate release under § 3582(c)(1)(A) for abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  And we find no such abuse here.  In considering motions like Shepard's, a district court must decide whether the movant has presented "extraordinary and compelling reasons" for release and whether release would be consistent with the policy statement in U.S.S.G. § 1B1.13 and "all applicable § 3553(a) factors."  *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021) (quotation omitted).  The district court faithfully applied these steps.

Shepard argues that the court failed to consider "critically important factors" in its denial of his motion.  But the district court explained that it had considered "*all* the § 3553(a) purposes," and that "a reduced sentence would not be sufficient to meet those purposes."  (Emphasis added).  In its denial of Shepard's earlier motion, the court explained that Shepard's sentence was already significantly reduced, expressed its particular concerns about Shepard's criminal history and violation of supervised release, and made its decision "even taking into account heightened risk" of contracting COVID-19.  We are satisfied that the court "considered the parties' arguments and has a reasoned basis for making its decision," and we require nothing more.  *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).

4                    Opinion of the Court                    21-12547

We **AFFIRM** the district court's dismissal and **DENY** the government's motion for summary affirmance as moot.