[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10219

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ADEDEJI ADENIRAN,
a.k.a. Tony,
a.k.a. Aare,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

D.C. Docket No. 4:05-cr-00024-RH-MAF-1

—————————————

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Adedeji Adeniran, a federal prisoner proceeding *pro se*, appeals the district court's orders denying his motions seeking compassionate release. The government has moved for summary affirmance and to stay the briefing schedule. We grant the government's motion for summary affirmance.

## I.

Adeniran participated in a conspiracy that defrauded federally insured credit unions and banks. In 2020, he pled guilty to one count of conspiracy to commit bank fraud and two counts of bank fraud. The district court sentenced him to 75 months' imprisonment. In explaining the basis for the sentence, the district court discussed several of the sentencing factors set forth at 18 U.S.C. § 3553(a),[1] including the nature and circumstances of the offense

———————————

[1] Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of the statute. 18 U.S.C. § 3553(a). These purposes include the need to: reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. *Id.* § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the

and the need to avoid unwarranted sentencing disparities. The district court expressly considered Adeniran's history and characteristics, including that this was his first offense. The court also stated that it had "taken . . . into account" Adeniran's underlying health conditions and the risks that he faced if he contracted COVID-19 while incarcerated. Doc. 289 at 27.[2]

Adeniran appealed, challenging his sentence as substantively unreasonable. We affirmed, explaining that under our abuse of discretion standard we do not "second guess the weight (or lack thereof) that the [sentencing] judge accorded to a given factor under § 3553(a), as long as the sentence ultimately imposed is reasonable in light of *all* the circumstances presented." *United States v. Adeniran*, No. 21-10609, 2022 WL 443819, at *4 (11th Cir. Feb. 14, 2022) (unpublished) (emphasis in original) (internal quotation marks omitted).

Approximately ninth months after the district court imposed the sentence and while his direct appeal was pending, Adeniran, proceeding *pro se*, filed a motion for compassionate release in the district court. He requested a sentence reduction for several reasons, including because he suffered from underlying health conditions that put him at a greater risk of developing severe health

---

applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

[2] "Doc." numbers refer to the district court's docket entries.

consequences if he contracted COVID-19. The district court denied the motion. The court assumed that Adeniran was eligible for a sentence reduction but declined to exercise its discretion because "a reduced sentence would not be sufficient to meet the § 3553(a) sentencing factors." Doc. 298 at 5. "If a new sentencing were conducted today," the court stated, it would impose the same sentence "for the same reasons set out on the record of the original sentencing hearing, even considering all the information Mr. Adeniran has now submitted." *Id.*

After the district court denied Adeniran's motion, he moved for reconsideration, arguing that the § 3553(a) factors supported a sentence reduction. The district court denied the motion.

This is Adeniran's appeal. After Adeniran filed his appellant's brief, the government filed a motion for summary affirmance.

## II.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the

22-10219                Opinion of the Court                5

appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[3]

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). After eligibility is established, we review for abuse of discretion a district court's denial of a defendant's request for a sentence reduction. *Id.* We liberally construe *pro se* filings. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

## III.

A district court may grant a motion for a sentence reduction, if, after considering the § 3553(a) factors, it finds that "extraordinary and compelling reasons warrant such a reduction" and that "a reduction is consistent with applicable policy statements" in the Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)(A). We have held that the Sentencing Commission's policy statement governing compassionate release defines the universe of extraordinary and compelling reasons that may justify a reduced sentence. *Bryant*, 996 F.3d at 1262; *see* U.S. Sent'g Guidelines Manual §1B1.3 (U.S. Sent'g Comm'n 2018). When denying a sentence reduction based on the § 3553(a) factors, "[a] district court need not exhaustively analyze every factor in its order, but it must provide enough analysis that

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

6                    Opinion of the Court                 22-10219

meaningful appellate review of the factors' application can take place." *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021) (internal quotation marks omitted).

Here, we agree with the government that summary affirmance is appropriate. There is no substantial question that the district court acted within its discretion when it concluded that the § 3553(a) factors did not support a sentence reduction.

Adeniran challenges the district court's conclusion that the § 3553(a) factors did not support a sentence reduction. He argues that the district court should have given greater weight to some factors—such as his history and characteristics—and less weight to others—such as the need to avoid an unwarranted sentencing disparity and the nature and circumstances of the offense. But "[t]he weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). We conclude that the district court was well within its discretion when it decided the particular weight to afford to each § 3553(a) factor and determined that a reduction was not warranted in this case.

Adeniran also argues on appeal that he was eligible for relief because he demonstrated extraordinary and compelling reasons for a sentence reduction. But we need not address this issue because the district court's finding that the § 3553(a) factors did not warrant a sentencing reduction forecloses relief. *See United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021).

22-10219               Opinion of the Court                    7

Because there is no substantial question as to the outcome
of this appeal, we conclude that summary affirmance is appropri-
ate. *See Groendyke Transp.*, 406 F.2d at 1162. Accordingly, the
government's motion for summary affirmance is GRANTED and
its motion to stay the briefing schedule is DENIED as moot.