[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13723
Non-Argument Calendar

_____

D.C. Docket No. 0:99-cr-06182-DMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SAMUEL DEORIO,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 19, 2021)

Before JORDAN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Samuel Deorio, a federal prisoner, appeals the district court's denial of his motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as modified by § 603 of the First Step Act of 2018, Pub. L. 115–391, 132 Stat. 5194. We affirm.

In his motion, Mr. Deorio alleged that his asthma and his need for a hip replacement put him at an increased risk of severe illness or death should he contract Covid-19. In a short order, the district court denied the motion. It explained that Mr. Deorio had "not demonstrated 'extraordinary and compelling reasons' that warrant a reduction in his sentence, especially in light of the nature of his crime and criminal history." D.E. 300.

Mr. Deorio argues that the district court misapplied § 3582(c)(1)(A) when it found that he had not shown "extraordinary and compelling" reasons warranting a sentence reduction.  He further argues that the district court's order is incapable of meaningful appellate review as it is unclear as to whether it found him statutorily ineligible for relief or if it made a discretionary determination not to reduce his sentence.

A district court must consider the factors set forth in 18 U.S.C. § 3553(a) in adjudicating a motion for compassionate release. *See United States v. Cook*, 998 F.3d 1180 (11th Cir. 2021). In *Cook*, for example, the government—which had not filed a response in the district court—conceded on appeal that one of the defendant's

2

medical conditions presented an extraordinary and compelling reason for compassionate release given the COVID-19 pandemic. *See id.* at 1185. We vacated the denial of the defendant's compassionate release motion because the district court said only that the defendant's medical conditions did not constitute extraordinary and compelling circumstances and failed to consider the § 3553(a) factors. *See id.* at 1185-86. We explained, however, that a district court is not required to articulate its reasoning in great detail, as long as the record reflects that it considered the applicable § 3553(a) factors. *See id.* at 1185.

For a number of reasons, we conclude that the district court here considered the § 3553(a) factors and did not abuse its discretion in denying Mr. Deorio's motion. First, the guidelines from the CDC indicate that moderate-to-severe asthma "might be" a COVID-19 risk factor, *see United States v. Miles*, 2020 WL 3256923, at *3 (E.D. Cal. June 16, 2020), and Mr. Deorio did not present any medical records indicating that his asthma was in the moderate-to-severe-range. The district court therefore did not abuse its discretion in concluding that Mr. Deorio had not shown extraordinary and compelling circumstances. *See United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021) (district court did not abuse its discretion in denying motion for compassionate release because the defendant's medical condition, hypertension, was a condition that the CDC said "might" pose an increased risk due to COVID-19). Second, unlike the situation in *Cook*, the government filed a response

3

to Mr. Deorio's motion, and argued that the § 3553(a) factors weighed heavily against a reduction of sentence. In part, the government pointed to Mr. Deorio's narcotics and firearm offenses in an attempted home invasion and his significant criminal history, which included convictions for cocaine trafficking, burglary, robbery, aggravated battery, and aggravated stalking. *See* D.E. 293 at 54-56. Third, the district court specifically mentioned Mr. Deorio's offenses and his criminal history, and those matters go to several of the relevant sentencing factors, such as the nature and circumstances of the offense and the defendant's history (§ 3553(a)(1)) and the need to protect the public from further crimes of the defendant (§ 3553(a)(2)(C)). On this record we are satisfied that the district court considered the § 3553(a) factors.

Given our resolution, we need not address our recent decision in *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021) (holding that district courts considering compassionate release motions are bound by the policy statement set out in U.S.S.G. § 1B1.13). The district court's denial of Mr. Deorio's motion is affirmed.

**AFFIRMED.**