[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12827
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-20217-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE FRANCISCO NOESI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 25, 2021)

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Noesi, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).  Mr. Noesi suffers from high cholesterol, high blood pressure, hypertension, kidney failure, Type II diabetes, and obesity.  He argued in his motion that these conditions, in conjunction with his age of 52, make him particularly vulnerable to COVID-19.  He further asserted that the facility at which he was imprisoned was not taking appropriate precautions to prevent the spread of the virus, that many inmates and staff had contracted the virus and died, and that the prison failed to provide medical assistance to sick prisoners.

The district court denied Mr. Noesi's motion because he had not exhausted his administrative remedies and, alternatively, because he continued to be a "danger to society."  On appeal, Mr. Noesi challenges both conclusions.  On the merits, he argues that he demonstrated extraordinary and compelling reasons warranting compassionate release and that his original sentence was unconstitutionally imposed.  The government concedes exhaustion and urges us to affirm on the merits, for the reasons given by the district court.  Finding that the district court's denial of Mr. Noesi's motion was not an abuse of discretion, we affirm.[1]

---

[1] Mr. Noesi also designated, in his notice of appeal, the denial of a motion for reconsideration. *See* D.E. 51 at 1.  But he does not expressly challenge that ruling on appeal, so he has abandoned any

# I

In 2017, a federal grand jury indicted Mr. Noesi and a co-defendant on the following charges: one count of conspiracy to possess five kilograms or more of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846 (Count 1); one count of distributing 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 2); and one count of possessing 500 grams or more of cocaine with intent to distribute, in violation of 18 U.S.C. § 2 (Count 3). *See* D.E. 10 at 1-2.  Mr. Noesi pled guilty to Count 1, and, pursuant to a written plea agreement, the government agreed to dismiss Counts 2 and 3.  *See* D.E. 19 at 1.

The presentence investigation report ("PSI") calculated a total offense level of 34 and a criminal history category of VI, resulting in an advisory guideline range of 262 to 327 months' imprisonment, with five years of supervised release.  The PSI determined that Mr. Noesi was a career offender because he had at least two prior convictions for crimes of violence or controlled substance offenses.  These convictions included (1) attempted armed robbery and aggravated battery in 1996, in violation of state law; (2) distribution and conspiracy to distribute crack cocaine in 1998, in violation of 21 U.S.C. §§ 841 and 846; and (3) conspiracy to possess marijuana with intent to distribute in 2013, in violation of 21 U.S.C. § 846.

---

argument to this effect.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680-82 (11th Cir. 2014).

The district court found that the career offender enhancement applied, but reduced Mr. Noesi's sentence by 40 percent, based on his cooperation with the government. It imposed a sentence of 157 months' imprisonment followed by five years of supervised release. Mr. Noesi did not immediately appeal following entry of judgment, but later filed a motion for post-conviction relief, which was denied in 2019.

In April of 2020, Mr. Noesi moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The government opposed Mr. Noesi's motion. The government agreed that Mr. Noesi had shown that his medical conditions constituted extraordinary and compelling reasons for compassionate release. But it argued that the district court should nonetheless exercise its discretion to deny the motion because the § 3553(a) factors weighed against Mr. Noesi's release. Specifically, the government argued that Mr. Noesi remained a danger to the community, as evidenced by his prior convictions.

The district court denied Mr. Noesi's motion for compassionate release. The court noted that Mr. Noesi had previously been convicted of narcotics offenses, and that he committed the instant narcotics offense before the conclusion of his supervised release for his federal 2013 marijuana conviction. The court concluded that Mr. Noesi had not exhausted his administrative remedies with the BOP, but that even if he had, it would still deny his motion for compassionate release because he

"continue[d] to be a danger to society."  In denying relief, the district court did not expressly state that it had considered the 18 U.S.C. § 3553(a) factors.

Mr. Noesi filed a motion for reconsideration, which the district court denied. Mr. Noesi then filed a notice of appeal regarding the denial of his motion for compassionate release.  We held this case in abeyance pending our decisions in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), and *United States v. Cook*, 998 F.3d 1180 (11th Cir. 2021).  Having decided those cases, we now turn to Mr. Noesi's appeal.

## II

We liberally construe *pro se* filings, *see Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015), and we review a district court's denial of a prisoner's motion for compassionate under 18 U.S.C. § 3582(c)(1)(A) for abuse of discretion.  *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

## III

In considering a motion for compassionate release under the First Step Act, the district court must find that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.  *See* 18 U.S.C. § 3582(c)(1)(A). The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, which states that the court *must* (among other things) determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in

5

18 U.S.C. § 3142(g)," before reducing a sentence. *See* U.S.S.G. § 1B1.13(2) & cmt. n.1. *See also Bryant*, 996 F.3d at 1247 (holding that § 1B1.13 is an applicable policy statement for a § 3582(c)(1)(A) motion).

Once a court determines that a defendant is not a danger to the community, § 1B1.13 lists four extraordinary and compelling reasons that can warrant release: the medical condition of the defendant; the age of the defendant; family circumstances; and other reasons as determined by the Federal Bureau of Prisons. *See* § 1B1.13 cmt. n.1. *See also Bryant*, 996 F.3d at 1248 (holding that courts do not have the discretion to develop "other reasons" that might justify a reduction in a defendant's sentence).

A district court, in addition to considering the applicable policy statements found in § 1B1.13, must also consider all applicable § 3553(a) factors in deciding whether to reduce a sentence. *See Cook*, 998 F.3d at 1184 ("an order granting or denying compassionate release, in light of the record, must indicate that the court considered the applicable factors"). "A district court need not exhaustively analyze every factor in its order, but it must provide enough analysis that meaningful appellate review of the factors' application can take place." *Id.* (internal quotation marks and citation omitted). It is not necessary for the district court to state on the record that it has explicitly considered each of the factors or to discuss each of them. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). The weight given

to each factor lies within the district court's sound discretion and it may reasonably attach great weight to a single factor. *Id.* at 1327.

Here, the district court noted in its order that Mr. Noesi had previously been convicted of a narcotics crime (the 2013 marijuana offense), and that he committed the instant narcotics crime before the expiration of his supervised release for the 2013 offense. *See* D.E. 48 at 1. The district court stated that, alternatively, it would deny Mr. Noesi's motion because he continued to be a danger to society. *See id*. Because being a danger to the community is fatal to a compassionate release motion under § 1B1.13(2), *see Bryant*, 996 F.3d at 1247, the district court's explanation was sufficient. Mr. Noesi argues that his narcotics convictions were not violent offenses, but that does not make the district court's finding on dangerousness clearly erroneous.[2]

Finally, we reject Mr. Noesi's arguments that his underlying sentence was unconstitutional due to his erroneous career offender status and his actual innocence. These matters are not included in § 1B1.13's list of extraordinary and compelling reasons. They therefore fall outside the scope of the district court's review of Mr. Noesi's sentence under the First Step Act. *See* 18 U.S.C. § 3582(c)(1)(B); *Bryant*,

---

[2] As noted, a district court considering a motion for compassionate release must ordinarily consider the § 3553(a) factors in deciding whether to exercise its discretion. *See Cook*, 998 F.3d at 1184. But dangerousness is a "disqualifying characteristic" under the policy statement in § 1B1.13(2), and where it exists the § 3553(a) factors do not come into play.

996 F.3d at 1248. Even if the district court could have considered such arguments, it would have first needed to find that Mr. Noesi would not be a danger to the community if released. Mr. Noesi did not satisfy that condition here, and the district court therefore was well within its discretion to deny the motion for compassionate release.

## IV

We affirm the denial of Mr. Noesi's motion for compassionate release.

**AFFIRMED.**