[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10882
Non-Argument Calendar

_____

D.C. Docket No. 2:17-cr-00337-MHT-SRW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GILBERTO SANCHEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(August 27, 2021)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Gilberto Sanchez, a federal prisoner, appeals the district court's denials of his pro se motions for (1) a reduced sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act of 2018,[1] (2) reconsideration, and (3) an evidentiary hearing, which the district court construed as a motion for reconsideration.  He argues that the district court erred by denying his motion for compassionate release because—based on his medical conditions—his risk of contracting COVID-19 constituted an extraordinary and compelling reason to reduce his sentence.  He also argues that the district court erred by denying his motion for an evidentiary hearing because the evidence that he sought to introduce regarding his confinement conditions would have entitled him to a sentence reduction.

In 2017, Sanchez pleaded guilty to conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846; health-care fraud, in violation of 18 U.S.C. § 1347; and three counts of money laundering, in violation of 18 U.S.C. § 1957(a).  In September 2018, the district court sentenced Sanchez to a total sentence of 145 months' imprisonment, followed by 3 years of supervised release.  On appeal, we affirmed.  *See United States v. Sanchez*, 807 F. App'x 950 (11th Cir. 2020) (per curiam).

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) (First Step Act).

2

In April 2020, Sanchez filed a motion for compassionate release. In support, he explained that he was 58 years old, had diabetes and stage 7 prostate cancer requiring chemotherapy and radiation therapy, was immunocompromised due to a splenectomy, and met the "at risk" criteria set by the Centers for Disease Control and Prevention for a higher risk of mortality should he contract COVID-19. The district court denied the motion without prejudice, finding that it lacked authority to order home confinement. To the extent Sanchez sought a sentence reduction under § 3582(c)(1)(A), the district court found that, after considering the § 3553(a) factors, he had not shown extraordinary and compelling reasons. Although his health conditions made him particularly susceptible to COVID-19 complications, his facility had only had two cases of COVID-19 in staff members, and there was no evidence that the BOP could not meet his medical needs. The district court further stated that, because Sanchez had committed a serious crime and had served only a small percentage of his 145-month sentence, a sentence reduction was not warranted at that time. Nevertheless, because the district court recognized Sanchez's claims that his facility was not taking adequate measures to prevent the spread of COVID-19, it denied his motion without prejudice.

In December 2020, Sanchez filed a motion for reconsideration due to the "emergency situation" at his BOP facility, where multiple inmates and staff had tested positive for COVID-19. The district court denied Sanchez's motion for

reconsideration. After considering the § 3553(a) factors, the district court stated that it was concerned about the risk of COVID-19 given Sanchez's health conditions. But it found that Sanchez's offense was "simply too egregious" to reduce his sentence from 145 months' imprisonment to 25 months' imprisonment.

In March 2021, Sanchez filed a "Motion for Evidentiary Hearing under 18 U.S.C. § 3582(c)(1)(A)." He asserted that, if he were granted an evidentiary hearing, he would prove that his sentencing process was flawed, and that the calculation of his guideline imprisonment range was not based on reliable evidence. The district court summarily denied Sanchez's motion for an evidentiary hearing, which the court construed as a motion to reconsider the denial of his motion for compassionate release. Sanchez filed a notice of appeal.

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.*

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent permitted under § 3582(c). *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020), *cert. denied* No. 20-6841 (U.S. May 17, 2021) (mem.). Prior to the enactment of the First Step Act, § 3582(c)(1)(A) allowed a

district court to reduce a prisoner's term of imprisonment only upon motion of the BOP Director. 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 2, 2002, to Dec. 20, 2018). As amended by § 603(b) of the First Step Act, that section now provides, in relevant part, that:

> [T]he court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The policy statement applicable to § 3582(c)(1)(A) is found in U.S.S.G. § 1B1.13. In addition to requiring a determination that extraordinary and compelling reasons warrant a reduction, § 1B1.13 states that the district court also must determine that the defendant is not a danger to the safety of others or to the community, as provided in 18 U.S.C. § 3142(g), and that the reduction is consistent with the policy statement. *Id.*

As relevant here, the commentary lists a defendant's medical condition and age as possible "extraordinary and compelling reasons" warranting a sentence reduction. U.S.S.G. § 1B1.13 cmt. n.1. A defendant's medical condition may warrant a sentence reduction if he (1) has a terminal disease or (2) is suffering from

5

a physical or mental condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover. *Id.* cmt. n.1(A). Deteriorating mental or physical health resulting from the aging process also may constitute an extraordinary or compelling reason for granting a sentence reduction. *Id.* A prisoner's age may be an extraordinary or compelling reason if the prisoner (1) "is at least 65 years old," (2) "is experiencing a serious deterioration in physical or mental health because of the aging process," and (3) has served at least 10 years or 75 percent of his term of imprisonment, whichever is less. *Id.* cmt. n.1(B).

The commentary also contains a catch-all provision for "Other Reasons," which provides that a prisoner may be eligible for a sentence reduction if, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed. *Id.* cmt. n.1(D).

We recently concluded that the policy statement in § 1B1.13 is applicable to all motions filed under § 3582(c)(1)(A), including those filed by prisoners, and thus, district courts are bound to apply § 1B1.13's definition of "extraordinary and compelling reasons." *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). We also recently held that an order denying compassionate release must indicate that the district court has considered the applicable § 3553(a) factors, in addition to whether the movant has offered extraordinary and compelling reasons

and whether a reduction would be consistent with § 1B1.13's policy statement. *United States v. Cook*, 998 F.3d 1180, 1183–84 (11th Cir. 2021). In the context of motions to reduce a sentence under § 3582(c)(1)(B), we have held that a hearing is not required. *See United States v. Denson*, 963 F.3d 1080, 1087 (11th Cir. 2020).

Here, the district court did not abuse its discretion in denying Sanchez's compassionate release motion because the record demonstrates that, regardless of whether his medical conditions constituted extraordinary and compelling reasons, the district court adequately supported its denial of his compassionate release motion with its consideration of the 18 U.S.C. § 3553(a) factors. Second, as to his motion for reconsideration, Sanchez abandoned any arguments regarding its denial by failing to raise them on appeal. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (an appellant abandons an argument by not plainly and prominently presenting the claim in his initial brief). Third, the district court did not abuse its discretion by construing Sanchez's motion for an evidentiary hearing as one for reconsideration, or by denying it as such, because Sanchez did not present any newly discovered evidence and, as he concedes, the district court was not obligated to hold a hearing on a § 3582(c)(1)(A) motion. Accordingly, we affirm.

**AFFIRMED.**