[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14007
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cr-00025-CG-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREEMAN EUGENE JOCKISCH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(September 30, 2021)

Before WILSON, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Seven years ago, Freeman Jockisch was convicted of coercion and

enticement of a minor under 18 U.S.C. § 2422(b) and sentenced to 120 months in

prison. After serving just over six years of his sentence, Jockisch filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Jockisch, by then 75 years old, argued that his age and medical conditions made prison unacceptably dangerous for him given the onset of the COVID-19 pandemic.

The district court denied Jockisch's motion. While the court agreed that Jockisch's age and health problems "may make him eligible for compassionate release" in light of the pandemic, it concluded that "a consideration of the relevant § 3553(a) factors supports a denial of Jockisch's release." After an unsuccessful motion for reconsideration, Jockisch now appeals, arguing that the district court abused its discretion by improperly weighing the relevant factors and that the denial of his motion should be reversed.[1]

To rule on a motion for compassionate release, a district court must determine whether a movant has offered "extraordinary and compelling reasons" for release and consider the policy statement outlined in § 1B1.13 of the federal sentencing guidelines along with "all applicable § 3553(a) factors." *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021) (quotation omitted). We review a

---

[1] Jockisch also attaches a copy of his motion for reconsideration to his brief on appeal, but we lack jurisdiction to consider the district court's denial of that motion because Jockisch filed his notice of appeal before the district court's ruling and has not since amended it. *See Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998); Fed. R. App. P. 3(c). We thus consider only the district court's denial of Jockisch's § 3582(c)(1)(A) motion.

district court's denial of a § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

We find no such abuse here. The district court clearly considered Jockisch's arguments that he had "made substantial rehabilitation efforts while incarcerated" and presented "a low risk of recidivism due to his age." But it found that "the seriousness of his offense and the length of time in which he has been imprisoned" outweighed those factors, and that early release would "fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public." This reasoning reflects adequate consideration of the § 3553(a) factors relevant to compassionate release in this case.

Jockisch contends that the court improperly ignored two statutory factors— the kinds of sentences available and the need to avoid unwarranted sentencing disparities among similarly situated defendants. But we have never demanded that a district court "state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013) (quotation omitted). Instead, we require only "enough information to satisfy the reviewing court of the fact that it

3

has considered the parties' arguments and has a reasoned basis for making its decision." *Id.* We are satisfied that the district court has done so here.[2]

Because the district court did not abuse its discretion, we **AFFIRM** its order denying compassionate release.

---

[2] Jockisch also argues that the court failed to consider the Sentencing Commission's policy statement found at U.S.S.G. § 1B1.13 cmt. 1(A)–(D), which discusses "extraordinary and compelling reasons" allowing for release. But the court clearly considered that statement in acknowledging that Jockisch's age and health might qualify him for release.