[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10556

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANTHONY JEROME BELL,
a.k.a. Amp,
a.k.a. Ant,
a.k.a. Huckabuck,

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:04-cr-60275-JIC-3

———————————

Before ROSENBAUM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Anthony Bell is a federal prisoner serving a total 324-month sentence stemming from convictions in 2005 for conspiracy to distribute and possession with intent to distribute crack cocaine. In November 2020, he filed a motion seeking early release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), alleging that he was at increased risk of becoming seriously ill from COVID-19 due to Myasthenia Gravis, an autoimmune neuromuscular disease, and the medication he takes for that condition, which suppresses his immune system. The district court concluded that Bell's medical condition presented "extraordinary and compelling reasons" for early release, as required by § 3582(c)(1)(A), but it decided, after considering the sentencing factors enumerated in 18 U.S.C. § 3553(a), as well as the requirements set forth in U.S.S.G. § 1B1.13, to deny Bell's request for early release.

On appeal, Bell argues that the district court erred by treating § 1B1.13 as binding and abused its discretion by relying on

conduct from more than 16 years ago and failing to consider all the § 3553(a) factors, including his post-offense rehabilitation. After careful review, we affirm.

We review for abuse of discretion a district court's denial of a prisoner's § 3582(c)(1)(A) motion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion when it applies an incorrect legal standard, relies on clearly errone-ous facts, or commits a clear error of judgment. *Id.* at 911–12.

Under § 3582(c)(1)(A), a district court may grant a defend-ant's motion for a sentence reduction, after considering the § 3553(a) factors, "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and that a "reduction is con-sistent with applicable policy statements" in the Sentencing Guide-lines. 18 U.S.C. § 3582(c)(1)(A)(i). We have held that § 1B1.3 is "applicable" to all motions under § 3582(c)(1)(A), and, accordingly, "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13." *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021).[1] Section 1B1.13, in turn, requires the court to find that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

Altogether, then, § 3582(c)(1)(A) imposes three conditions on granting a sentence reduction: (1) there must be "extraordinary

---

[1] *Bryant*, which was issued after Bell filed his brief in this case, fore-closes his contention that U.S.S.G. § 1B1.13 is not binding.

and compelling reasons" for doing so; (2) the reduction must be supported by the § 3553(a) factors; and (3) granting a reduction "wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, ___ F.4th ___, No. 20-14474, 2021 WL 4434621, at *2 (11th Cir. Sept. 28, 2021). Each condition is necessary, so the failure to satisfy one condition warrants denial of the motion. *See id.*

The district court concluded that Bell's medical condition and treatment constituted an "extraordinary and compelling reason" and therefore satisfied the first condition. But it reasoned that Bell failed to satisfy the second two conditions due to his "violent conduct committed in connection with the narcotics trafficking conspiracy that led to his conviction in this case." Specifically, the court explained that Bell and a codefendant "kidnapped an individual they accused of being a government informant, drove him to a secluded area, shot him in the chest and left him for dead (although he survived)." Citing the nature and circumstances of the offense and the history and characteristics of the defendant, *see* 18 U.S.C. § 3553(a)(1), the court concluded that a reduction of Bell's sentence by seven years "would not promote the interests of justice but would minimize the severity of [Bell's] conduct." So the court denied the motion.

Bell maintains that the district court failed to consider factors that were due significant weight, including his evidence of post-offense rehabilitation, and based its denial solely on a single factor.

An order granting or denying compassionate release under § 3582(c)(1)(A) generally must indicate that the district court has considered "all applicable § 3553(a) factors." *United States v. Cook*, 998 F.3d 1180, 1184–85 (11th Cir. 2021). "[A] district court need not exhaustively analyze each § 3553(a) factor or articulate its findings in great detail," and an acknowledgement by the court that it has considered the § 3553(a) factors and the parties' arguments is ordinarily sufficient. *Tinker*, 2021 WL 4434621, at *5 (quotation marks omitted). Nevertheless, the court "must provide enough analysis that meaningful appellate review of the factors' application can take place." *Id.* (quotation marks omitted).

Moreover, the weight to give any particular § 3553(a) factor, whether great or slight, is committed to the district court's sound discretion. *Id.* "Even so, [a] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (quotation marks omitted).

Here, the district court did not abuse its discretion in concluding that a reduction was not supported by the § 3553(a) factors.[2] *See id.* at *2. Even assuming the court was *required* to consider his post-offense rehabilitation, as Bell argues, the court did not need to explicitly reference or discuss his evidence of rehabilitation

---

[2] For that reason, we need not evaluate the district court's finding as to the danger releasing Bell would pose. *See* U.S.S.G. § 1B.13(2).

6                    Opinion of the Court                    21-10556

in its order.  *See id.* at *5.  And the record shows that the court considered several factors beyond the nature and circumstances of the offense and the history and characteristics of the defendant.  *See* 18 U.S.C. § 3553(a)(1).  The court weighed the need for the sentence to reflect the severity of the offense conduct.  *See* 18 U.S.C. § 3553(a)(2).  It also stated that it had considered the parties' filings, which discussed at length the factors that Bell contends the district court ignored.  *See Tinker*, 2021 WL 4434621, at *5 (concluding that the court adequately considered the § 3553 factors in part because it "acknowledged the parties' filings, which discussed at length the factors that Tinker contends the district court ignored").  On the whole, we are satisfied that the court properly considered the § 3553(a) factors and did not abuse its discretion in denying compassionate release.  *See Harris*, 989 F.3d at 911–12.

In sum, we affirm the denial of Bell's motion for early release under 18 U.S.C. § 3582(c)(1)(A).

**AFFIRMED.**