[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13313

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KENNETH JAMES HILL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:17-cr-00007-RH-1

_____

Before LUCK, LAGOA, and TJOFLAT, Circuit Judges.

PER CURIAM:

Kenneth Hill, a federal prisoner serving a 120-month sentence for attempting to entice a minor to engage in sexual activity and travelling through interstate commerce to do so, appeals through counsel the district court's denial of his *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act.[1]  He argues that the court unreasonably balanced the 18 U.S.C. § 3553(a) factors and gave more weight to an arbitrarily imposed statutory mandatory minimum sentence over concerns for his life.  He also contends that the court plainly erred in relying on U.S.S.G. § 1B1.13 when denying his motion.

We review a district court's denial of a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  This standard of review "means that the district court had a range of choice and that we cannot reverse just because we might have come to a different conclusion." *Id.* at 912 (internal citation and quotation marks omitted).  Still, "[a] district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* at 911 (internal citation and quotation marks omitted).  A district

---

[1] Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").

court also abuses its discretion when it fails to consider the § 3553(a) sentencing factors when Congress has expressly required it. *United States v. Cook*, 998 F.3d 1180, 1183–84 (11th Cir. 2021).

However, when a defendant fails to raise an issue before the district court, we review the issue only for plain error. *United States v. Graham*, 981 F.3d 1254, 1260 (11th Cir. 2020). Under the plain error standard, the defendant bears the burden to establish that there is an error, that is plain, and that affects substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if . . . the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal citation and quotation marks omitted).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent permitted under § 3582(c)'s provisions. 18 U.S.C. § 3582(c); *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2635 (2021). As amended by § 603(b) of the First Step Act, that section now provides, in relevant part, that:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after

4                  Opinion of the Court                20-13313

considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The policy statement applicable to § 3582(c)(1)(A) is found in § 1B1.13. *See* U.S.S.G. § 1B1.13. In addition to determining that extraordinary and compelling reasons warrant a reduction, § 1B1.13 states that the district court must also determine that the defendant is not a danger to the safety of others or to the community, as provided in 18 U.S.C. § 3142(g), and that the reduction is consistent with the policy statement. *Id.* As relevant here, the commentary lists a defendant's medical condition as possible "extraordinary and compelling reasons" warranting a sentence reduction. *Id.* § 1B1.13, comment. (n.1). The policy statement in § 1B1.13 is applicable to all motions filed under § 3582(c)(1)(A), including those filed by prisoners, and thus, district courts cannot reduce a sentence under § 3582(c)(1)(A) unless it would be consistent with § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021).

An order granting or denying compassionate release under § 3582(c)(1)(A)(i) must indicate that the district court has considered "all applicable § 3553(a) factors." *Cook*, 998 F.3d at 1184. Under § 3553(a), a district court's sentence must be sufficient, but not

greater than necessary, to achieve the goals of sentencing, which are: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment.    18 U.S.C. § 3553(a)(2).    Section 3553(a) also requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences, and the need to provide restitution to any victims.    *Id.* § 3553(a)(1), (3)-(7).

The weight given to any of the § 3553(a) factors is committed to the sound discretion of the district court.  *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016).  Even so, "[a] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted).  District courts do not need to address "each of the § 3553(a) factors or all of the mitigating evidence."  *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021).  Instead, an acknowledgement by the district court that it considered the § 3553(a) factors and the parties' arguments is sufficient.  *Id.* at 1354-55.

As an initial matter, Hill's assertion that the district court erred in relying on § 1B1.13 in denying his motion is reviewed only for plain error because he failed to raise this issue below. In any event, there was no error, plain or otherwise, because *Bryant* squarely forecloses this argument. *See Bryant*, 996 F.3d at 1262.

Here, the district court properly considered the § 3553(a) factors. The court provided a discussion that touched on Hill's age, his medical conditions, his underlying conviction, his lack of prior, similar misconduct, the risk of recidivism for offenses of this kind, the role of supervised release conditions in reducing recidivism, his as-calculated guideline range without regard to the mandatory minimum, and the amount of time that he had spent in prison. This discussion speaks to several § 3553(a) factors, such as Hill's history and characteristics, the nature and circumstances of the offense, the seriousness of the offense, deterring future criminal conduct, protecting the public, and the need to avoid disparate sentences. While the district court emphasized unwarranted sentencing disparities based on the mandatory minimum, its order expressly contemplated that relief also would result in an unwarranted disparity with respect to his calculated guideline range, and unwarranted sentencing disparities is a proper factor to consider when deciding these motions. Further, it did not need to discuss every § 3553(a) factor, as its acknowledgment of Hill's arguments and the factors would have been sufficient. Accordingly, we affirm.

**AFFIRMED**.