[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12391

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROBERT KENNETH DECKER,
a.k.a. DigitalPossi2014,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:16-cr-20769-DMM-1

_____

Before GRANT, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

In late 2015, federal agents began investigating an online narcotics seller who went by the name of "DigitalPossi2014." After successfully purchasing opioids from the seller on four occasions, the investigators confirmed his true identity: Robert Decker. Decker pleaded guilty to one count of conspiracy to distribute controlled substances and one count of conspiracy to commit money laundering. He received a sentence of 140 months.

Decker filed multiple motions challenging his sentence. In early 2020 he filed a motion for a sentence reduction under 18 U.S.C. § 3582, arguing that his medical conditions and family situation justified compassionate release. The district court denied his motion, holding that Decker had not established the "extraordinary and compelling reasons" required for such relief and that he had failed to exhaust administrative remedies. About a year later, Decker unsuccessfully made a second attempt to reduce his sentence under both § 3582(c)(2) and § 3582(c)(1)(A). The district court explained that most of Decker's arguments were not related to his motion and that § 3582(c)(2) did not apply. It further concluded that Decker had still not shown an extraordinary or compelling reason for a sentence reduction, and that the sentencing factors of 18 U.S.C. § 3553 did not favor his release. Decker appealed.

We review a district court's denial of compassionate release under § 3582 for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

The district court did not abuse its discretion in denying Decker's motion. To begin, it correctly noted that Decker made several arguments that were "not cognizable under 18 U.S.C. § 3582." Decker's complaints about his criminal history score calculation, his disciplinary treatment in prison, the amount of drugs attributed to him for sentencing purposes, and the pending legal actions in which he is involved have no connection to the limited relief afforded by the statute. Decker does not dispute on appeal the district court's conclusion that his "complaints about drug amount attribution and criminal history scoring[] should have been raised on direct appeal" rather than in a § 3582 motion.

The district court next concluded that Decker did not qualify for relief under § 3582(c)(2). That provision allows a court to reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 28 U.S.C. § 3582(c)(2). Decker argued that Section 401 of the First Step Act entitled him to a shorter sentence. But as the district court observed, Decker "did not receive a serious drug or violent felony enhancement or a minimum mandatory sentence"—so Section 401 could not have affected his sentence. *See* First Step Act of 2018, Pub. L. No. 115-391, § 401(a), 132 Stat. 5194, 5220. Furthermore, Section 401 of the First Step Act is not retroactive; it applies only to

offenses committed before the Act's enactment "if a sentence for the offense has not been imposed as of such date of enactment." *Id.* § 401(c). The court imposed Decker's sentence over a year before the First Step Act was enacted, so Section 401 would not apply to him in any case.

Finally, the district court did not abuse its discretion in denying Decker's motion for compassionate release under § 3582(c)(1)(A). In deciding whether to grant such release, a district court must determine whether a movant has presented "extraordinary and compelling reasons" for release and consider whether the policy statement outlined in § 1B1.13 of the federal sentencing guidelines and "all applicable § 3553(a) factors" support release. *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021) (quotation omitted). A court may consider these conditions in any order, and any one of them may justify a denial of compassionate release. *See United States v. Tinker*, 14 F.4th 1234, 1240 (11th Cir. 2021).

Here, the district court explained that the § 3553(a) sentencing factors did not support a reduction of Decker's sentence. In considering such factors, a district court need only provide "enough information to satisfy the reviewing court of the fact that it has considered the parties' arguments and has a reasoned basis for making its decision." *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). Here, the court explained that "the nature and seriousness of Mr. Decker's crimes," coupled with "his lengthy criminal and mental health history," meant that the § 3553

21-12391                Opinion of the Court                5

factors weighed against granting his motion.    We find that analysis—one highlighting specific factors adverse to Decker—to be sufficient.

Decker does not argue that the district court lacked a "reasoned basis" for its decision that the § 3553 factors weigh against granting his motion.    Instead, he contends that the court erred in considering these factors "on the grounds that Mr. Decker's PSR was incorrect and to the fact that he presently has a [28 U.S.C. §] 2255 [motion to vacate] pending before the court."[1] That is incorrect.    Regardless of Decker's objection to his presentence report and any other pending motions, the court was not only permitted but *required* to consider all relevant § 3553 factors in making its decision.  *See Cook*, 998 F.3d at 1184.

The district court did not abuse its discretion in denying Decker's motion.  We therefore **AFFIRM**.

---

[1] Decker also argues that he has successfully shown an extraordinary or compelling basis for compassionate release.  He explains that his wife is losing her parental rights, and that under the sentencing guidelines policy statement, the "death or incapacitation of the caregiver of the defendant's minor child" qualifies as an extraordinary and compelling reason to reduce his sentence. U.S.S.G. § 1B1.13 cmt. 1(C)(i).  But this argument does not save Decker's case. A successful showing of an extraordinary and compelling circumstance makes no difference when, as here, the district court has independently rested its decision on a finding that the § 3553 factors do not favor granting the motion. *See Tinker*, 14 F.4th at 1240.